## SHAINWALD, Receiver, and Others *v.* LEWIS.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE DISTRICT OF NEVADA.

Decided March 26th, 1883.

*Removal of Causes.*

1. When in the settlement of a controversy one of the plaintiffs and one of the defendants, necessary parties for the determination of the issues, are citizens of the same State, the cause cannot be removed from the State court under the first clause of section 2, of the act of March 3d, 1875, ch. 137, 18 Stat. 470.

2. In the present case the issue is not a separable controversy which, under the provisions of the second clause in that section, can be so removed.

Appeal from an order of the court below remanding a suit removed into it from a State court of Nevada.

*Mr. T. L. Crittenden* and *Mr. Franklin H. Mackey* for appellants.

*Mr. Albert Bach* for defendant.

Mr. Chief Justice Waite delivered the opinion of the court.

Isaac J. Lewis, a citizen of Nevada, the appellee, on the 15th of January, 1881, brought suit against Harris Lewis, a citizen of California, for the dissolution of an alleged partnership between them, and a settlement of the partnership affairs. To this suit, he made Abraham Coleman, a creditor of the firm and a citizen of California, J. A. Wright, Hoffman Brothers, Joseph Huber, Charles Sadler, A. & M. Sower, R. Hogan, J. D. Pringle, Charles Polkinghorn, B. C. Thomas, and James Brennan, citizens of Nevada, defendants, jointly with Harris Lewis. According to the averments in the bill, Harris Lewis, one of the partners, had become involved in business complications of his own, and a large judgment had been taken against him in the District Court of the United States for the District of California in favor of Herman Shainwald, assignee in bankruptcy of Schoenfield, Cohn & Co. A suit was begun on this judgment in the District Court of the United States for the District

of Nevada, and Ralph L. Shainwald was, by an *ex parte* order, without notice, appointed receiver of the estate of Harris Lewis in Nevada. The receiver at once took possession of the property of the partnership, whereupon a motion was made to vacate his appointment, which was granted. Notwithstanding this, Shainwald retained possession and was selling the interest of Harris Lewis in the property, and on such sales delivering the possession to the purchasers. All the defendants named, except Harris Lewis and Coleman, are either purchasers of the property, or in possession as the agents of the Shainwalds.

On the filing of this bill a receiver of the property of the firm was appointed and qualified. All the defendants, except Harris Lewis and Coleman, answered the bill on the 17th of January, denying the existence of the partnership, and claiming that the property in dispute was the individual property of Harris Lewis. On the same day Herman Shainwald and Ralph L. Shainwald filed a petition of intervention, in which they asked to be admitted as defendants. In this petition they averred that Ralph L. Shainwald had been appointed receiver of the property of Harris Lewis by the District Court for the District of California, and that he took possession under that appointment. It was also stated that in the suit begun in the District Court for the District of Nevada, an attachment was issued under which the property was seized by B. C. Thomas, the sheriff, who was in possession under that authority. It also appeared that, in obedience to an order of the district judge in California, Harris Lewis had executed a formal assignment of all his property to the receiver appointed there.

On the 26th of January Ralph L. Shainwald was, by order of the court, admitted as a defendant in the suit, and the pleadings amended accordingly. Before this time a petition for the removal of the cause to the Circuit Court of the United States for the District of Nevada had been filed by Herman Shainwald and Ralph L. Shainwald, in which it is stated "that the real parties in interest in this action are I. J. Lewis, of the county of Lander, State of Nevada, as plaintiff, and Ralph L. Shainwald, receiver;" that the defendant Pringle is the agent of Shainwald the receiver, and in possession for him; that Ralph

L. Shainwald and Herman Shainwald are citizens of California; that the defendants, Wright, Coleman, Hoffman, Huber, Sadler, Sower, Hogan, Polkinghorn, Thomas, Pringle, and Brennan are nominal defendants, and have no interest in the suit; that the goods for which they were sued were sold to them by Ralph L. Shainwald, as receiver; and "that the controversy in said action between said plaintiff and said B. C. Thomas, holding the possession of said property by virtue of said attachment in favor of said assignee, and the controversy in said action between said plaintiff and said J. D. Pringle, holding the possession of said property as agent of said receiver Ralph L. Shainwald, and by virtue of his appointment as receiver, is wholly between citizens of different States, and which can be fully determined as between them; and that said Ralph L. Shainwald and said assignee Herman Shainwald are actually interested in said controversy." Upon this petition the State court, after admitting Ralph L. Shainwald as a party to the suit, but not Herman Shainwald, ordered a removal, but the Circuit Court of the United States for the District of Nevada, when the record was filed there, remanded the cause. From an order to that effect this appeal was taken.

We entertain no doubt of the propriety of the order remanding the suit, brought, as it was, to close up the affairs of the partnership between Isaac J. Lewis and Harris Lewis. All the defendants, except Harris Lewis and Coleman, who have not answered, deny the existence of the partnership. Upon one side of that issue, as now made up, is Isaac J. Lewis, a citizen of Nevada, and on the other, Ralph L. Shainwald, a citizen of California, and all the other answering defendants citizens of Nevada. If Thomas, the sheriff, and Pringle, the agent, are nominal parties, the other defendants are not. If Shainwald is a necessary party, so are they, because they are interested in the controversy in the same way, if not to the same extent, that he is. They get their title from him, and if he holds the property under the assignment from Harris Lewis, subject to the claims of Isaac J. Lewis as a partner, and the partnership creditors, so do they. It is of no importance that Shainwald has more in amount at stake than they. The

title of all depends on defeating the claim of Isaac J. Lewis as a partner. To that extent their interests are identical with those of Shainwald. If there was no partnership, they all go free and each keeps the property he has got. If there was, the interests of these parties may become antagonistic. Besides, on the question of partnership, Harris Lewis, a citizen of California, is a necessary party. If he insists on the partnership, as he certainly may, then, in arranging the parties on that question, there will be citizens of Nevada and California, on one side, and citizens of the same States on the other. Clearly, under these circumstances, the suit was not removable under the first clause of the second section of the act of March 3d, 1875, c. 137, 18 Stat. 470.

Neither was there any separable controversy in the suit such as would entitle any of the parties to a removal under the second clause. As has already been said, the suit was brought to close up the affairs of an alleged partnership. The main dispute is about the existence of the partnership. All the other questions in the case are dependent on that. If the partnership is established, the rights of the defendants are to be settled in one way ; if not, in another. There is no controversy in the case now which can be separated from that about the partnership, and fully determined by itself.

*The order remanding this suit is affirmed.*