CAPITAL CITY BANK OF DES MOINES *v.* HODGIN and others.

*(Circuit Court, S. D. Iowa, C. D.* October Term, 1884.)

**1. REMOVAL OF CAUSE—SEPARATE CONTROVERSY—CITIZENSHIP.**

F. L. H., a citizen of Iowa, mortgaged a stock of goods to complainant, an Iowa corporation, and such goods were claimed by A. H., a citizen of Ohio, under another chattel mortgage, and removed, and complainant filed a petition in the state court alleging that the mortgage to A. H. was fraudulent, and asking for the issuance of a specific writ of attachment for seizure of the goods, and praying for a judgment against F. L. H. for the amount due from him, and that the lien of complainant's mortgage be declared paramount to that of A. H. The writ was issued, the goods seized and redelivered to A. H. on giving a forthcoming bond therefor. F. L. H. and A. H. answered, setting up that the mortgage to A. H. was valid, and a lien superior and paramount to complainant's; whereupon complainant removed the cause to the federal court on the ground that the suit involved a separate controversy between him and A H., who was a citizen of another state. *Held,* that the cause was removable under section 2 of the act of 1875.

**2. SAME—WHAT IS A SEPARATE CONTROVERSY.**

To entitle a party to remove a cause under the second clause of the second section of the act of 1875, the cause must be one capable of separation into parts, so that in one of the parts a controversy will be presented with citizens of one or more states on one side and citizens of other states on the other, which can be fully determined without the presence of the other parties to the suit as it has been begun.

Equity. Motion to remand.

*E. J. Goode* and *W. L. Read,* for complainant.

*W. B. Raymond* and *Nourse & Kauffman,* for defendants.

SHIRAS, J. This suit was commenced in the circuit court of Polk county, Iowa, the petition filed therein setting forth that on the thirteenth of November, 1883, Frank L. Hodgin executed to the complainant a chattel mortgage upon a stock of goods in possession of said Hodgin, at Des Moines, Iowa, to secure payment of two promissory notes held by complainant; that the goods included in this mortgage had been removed from Des Moines without the consent of, and in fraud of the rights of, complainant; that Adaline Hodgin claimed some lien or interest in said goods through a chattel mortgage executed to her, but that this mortgage was invalid and void as against complainant. The petition asked the issuance of a writ of specific attachment for the seizure of the goods under the provisions of the statute of Iowa, and prayed judgment against Frank L. Hodgin for the amount due from him to complainant, and that the lien of complainant's mortgage be declared to be paramount to that of Adaline Hodgin. The writ of attachment was issued as prayed, and the goods seized thereunder, but, upon Adaline Hodgin executing a forthcoming bond therefor, the goods were returned to her. Frank L. Hodgin and Adaline Hodgin, being both named as defendants, appeared and answered the petition of complainant, setting forth the circumstances under which the mortgage to Adaline Hodgin was executed, and averring that it is a paramount and superior lien to that of complainant,

and that Adaline Hodgin had rightfully taken possession of the goods under said mortgage.

At the May term, 1884, of the circuit court of Polk county the complainant filed a petition for the removal of the cause to the federal court, upon the ground that the suit involved a separable controversy between complainant and Adaline Hodgin, who was a citizen of the state of Ohio, the complainant being a corporation created under the laws of the state of Iowa. The transcript having been filed in this court, the defendants move to remand the cause to the state court, on the ground that the record does not show a separable controversy between the complainant and Adaline Hodgin within the meaning of section 2 of the act of March 3, 1875, and that, as complainant and Frank L. Hodgin were both citizens of Iowa, the federal court could not take jurisdiction of the case.

In the *Removal Cases*, 100 U. S. 457, it was held that, according to the pleadings, there were two matters involved,—one between the construction company and the railroad company, both citizens of Iowa, as to the amount due the construction company and the actual existence of a mechanic's lien; and the other between the construction company and the trustees of the mortgage, citizens of different states, as to the priority of the mortgage over the mechanic's lien. The court held that, the first matter having been disposed of in the state court before the application for removal was filed by the trustees, the only matter left in controversy was the question of priority of lien as between the mechanic's lien holders and the trustees under the mortgage, and that this was a controversy removable to the United States court. Whether it was a separable controversy, within the meaning of the last clause of the second section of the act, was not determined.

In *Barney* v. *Latham*, 103 U. S. 205; *Blake* v. *McKim*, Id. 336; *Hyde* v. *Ruble*, 104 U. S. 407; *Fraser* v. *Jennison*, 106 U. S. 191; S. C. 1 Sup. Ct. Rep. 174; *Shainwald* v. *Lewis*, 108 U. S. 158; S. C. 2 Sup. Ct. Rep. 385, the question of what constitutes a separable controversy is considered, and the rule adopted may be fairly stated in the language used in *Fraser* v. *Jennison*, to-wit: "To say the least the case must be one capable of separation into parts, so that in one of the parts a controversy will be presented with citizens of one or more states on one side and citizens of other states on the other, which can be fully determined without the presence of any of the other parties to the suit as it has been begun."

In the case at bar there are two matters in controversy, the same, in effect, as were found in the *Removal Cases:* the first being the question of the indebtedness from Frank L. Hodgin to complainant, and the lien claimed under the mortgage executed to complainant, and the record being the question of the priority of the two mortgages executed upon the same property. Under the decision in the *Removal Cases* the latter question is a removable controversy within the mean-

ing of the section, provided the parties thereto are citizens of different states. The real point for decision, therefore, under the rule laid down in the authorities above cited, is whether Frank L. Hodgin is a necessary or indispensable party to the controversy touching the priority of the mortgages. If he is, then, as he is a citizen of the same state with complainant, the case cannot be removed. If he is not, then the cause is removable, because it there appears that the case is capable of separation into parts, one of which presents a controversy between citizens of different states. Frank L. Hodgin is the grantor in both mortgages. By his own act he has subjected the property to the payment of both mortgages, and legally he stands indifferent as to the question of which shall be first satisfied. The question of priority between the mortgages is a distinct issue between them to the determination of which the mortgagor is not an indispensable party. Thus, when Adaline Hodgin took possession of the goods, claiming the right so to do under her mortgage, the complainant might have replevied the same or sued for the value of his interest therein, and it would have been wholly unnecessary to have made the mortgagor a party to these actions. As the controversy, therefore, between the mortgagees might have been made the subject of a distinct action between them, to which the mortgagor need not have been made a party, it follows that in the present suit there is involved a controversy between the mortgagees which can be fully determined as between them, without the presence of the mortgagor, and therefore the case is brought within the terms of the section in question, and the cause was properly removed to this court.

Motion to remand must therefore be overruled.