## TORRENCE *v.* SHEDD.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 244. Argued March 25, 1892. — Decided April 11, 1892.

A suit in a state court for partition of land cannot be removed into the Circuit Court of the United States under the act of March 3, 1875, c. 137, § 2, by reason of a controversy between the plaintiff and a citizen of another State, intervening and claiming whatever may be set off to the plaintiff.

When, on appeal from a decree of the Circuit Court of the United States upon the merits, it appears that the case had been wrongfully removed from a state court on petition of the appellant, the decree should be reversed for want of jurisdiction, and the case remanded to the Circuit Court, with directions to remand it to the state court, and with costs against him in this court and in the Circuit Court.

THIS was a bill in equity, filed August 29, 1881, in the superior court of Cook County in the State of Illinois, by Joseph T. Torrence against Susan M. Shedd, John B. Brown and ninety others, for partition of a tract of land in that county, to an undivided third of which the plaintiff claimed title under a deed from Edward Sorin. Brown and twenty

others were not served with process. Most of the other defendants appeared and answered, denying the plaintiff's title, and claiming title in themselves to the whole in separate shares.

A decree of the superior court dismissing the bill was reversed, on appeal, by the Supreme Court of Illinois, and the case remanded to the superior court for further proceedings. 112 Illinois, 466.

Afterwards, on May 5, 1885, Sorin was allowed, against the plaintiff's objection, to intervene and to file an answer and cross bill, admitting his deed to the plaintiff; but alleging that it was only in trust for Sorin, and that the plaintiff, in violation of the trust, had refused to reconvey the land to · Sorin, and had agreed to convey it to Brown; and claiming an equitable title in whatever should be set off to the plaintiff. The plaintiff and Brown demurred to the cross bill; and others of the defendants answered that bill, alleging that they were strangers to the controversy between the plaintiff and Sorin, and denying the title of both.

On May 18, 1885, the plaintiff and Brown filed a petition, under the act of March 3, 1875, c. 137, § 2, for the removal of the case into the Circuit Court of the United States, alleging that by reason of Sorin's intervention and appearance, answer and cross bill, a separate controversy was presented between citizens of different States, which could be fully determined as between them in that court, and in which the matter in dispute exceeded $500 in value; and that at the time of filing the petition for removal, and for five years before, the petitioners were citizens of Illinois, and Sorin was a citizen of Indiana, and none of the other defendants were citizens of Indiana, or had any interest in this controversy.

The case was thereupon removed into the Circuit Court of · the United States, which sustained the demurrer to Sorin's cross bill, and dismissed that bill, and referred the case to a master, who filed his report on July 3, 1886.

On December 2, 1886, the plaintiff filed a stipulation between himself and Brown and Sorin, which was as follows: " It is hereby stipulated between Joseph T. Torrence, complainant, and John B. Brown, one of the defendants, and

Edward Sorin, also a defendant in the above-entitled cause, that said Edward Sorin is entitled to a lien to the extent of four hundred dollars per acre upon each and every acre of land which said complainant Torrence may recover in the above-entitled cause; and in any decree which may be entered therein the court may recognize and declare and make all necessary orders to enforce such lien. And the said defendant, Edward Sorin, withdraws all allegations contained in his answer in said cause filed, and all claim that the conveyance made by said Sorin to said Torrence, in said answer mentioned, was executed to convey the said title to said Torrence to be held by him in trust for said Sorin, and not as an absolute conveyance of said land; and, further, he withdraws and renounces any and all claims against and upon said land, other than for a lien to secure the purchase money of four hundred dollars per acre for the amount of land which may be recovered by said Torrence."

On the same day, the plaintiff filed a motion to remand the cause to the state court, on the ground that " by reason of said stipulation there no longer exists in the said cause any controversy, separable or otherwise, as between the said complainant and said Edward Sorin, cross complainant therein and defendant to the said original bill, and that by reason thereof this court can no longer have any jurisdiction of said cause."

The Circuit Court denied the motion to remand, and, after a hearing on pleadings and proofs, entered a final decree dismissing the bill. The plaintiff appealed to this court.

*Mr. Charles M. Osborn* for appellant.

*Mr. Frederic Ullmann* and *Mr. William Ritchie* for appellees.

Mr. JUSTICE GRAY, after stating the case as above, delivered the opinion of the court.

The first question to be considered is whether the Circuit Court of the United States rightly exercised jurisdiction to hear and decide this case.

This question depends upon the act of March 3, 1875, c. 137, which was in force at the time of the removal into that court, and of the refusal to remand to the state court.

By section 2 of that act, as heretofore construed by this court, whenever, in any suit of a civil nature in a state court, where the matter in dispute exceeds the sum or value of $500, "there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them," any one of those interested in that controversy may remove the whole case into the Circuit Court of the United States. 18 Stat. 470, 471; *Barney* v. *Latham*, 103 U. S. 205; *Brooks* v. *Clark*, 119 U. S. 502.

But in order to justify such removal, on the ground of a separate controversy between citizens of different States, there must, by the very terms of the statute, be a controversy "which can be fully determined as between them;" and by the settled construction of this section, the whole subject matter of the suit must be capable of being finally determined as between them, and complete relief afforded as to the separate cause of action, without the presence of others originally made parties to the suit. *Hyde* v. *Ruble*, 104 U. S. 407; *Corbin* v. *Van Brunt*, 105 U. S. 576; *Fraser* v. *Jennison*, 106 U. S. 191; *Winchester* v. *Loud*, 108 U. S. 130; *Shainwald* v. *Lewis*, 108 U. S. 158; *Ayres* v. *Wiswall*, 112 U. S. 187; *Fidelity Ins. Co.* v. *Huntington*, 117 U. S. 280; *Graves* v. *Corbin*, 132 U. S. 571; *Brown* v. *Trousdale*, 138 U. S. 389.

As this court has repeatedly affirmed, not only in cases of joint contracts, but in actions for torts, which might have been brought against all or against any one of the defendants, "Separate answers by the several defendants sued on joint causes of action may present different questions for determination, but they do not necessarily divide the suit into separate controversies. A defendant has no right to say that an action shall be several which a plaintiff elects to make joint. A separate defence may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his own suit to final determination in his own way. The cause of action is the subject matter of the controversy, and that is for all the

purposes of the suit, whatever the plaintiff declares it to be in his pleadings." *Louisville & Nashville Railroad* v. *Ide*, 114 U. S. 52, 56; *Pirie* v. *Tvedt*, 115 U. S. 41, 43; *Sloane* v. *Anderson*, 117 U. S. 275; *Little* v. *Giles*, 118 U. S. 596, 601, 602: *Thorn Wire Hedge Co.* v. *Fuller*, 122 U. S. 535.

In *Shainwald* v. *Lewis*, above cited, which was a suit brought by one partner for a settlement of the partnership affairs, a judgment creditor of the defendant and a receiver appointed in a suit upon the judgment were admitted as defendants; and it was held that there was no separable controversy between them and the plaintiff which would entitle them to remove the case, the court saying: "The suit was brought to close up the affairs of an alleged partnership. The main dispute is about the existence of the partnership. All the other questions in the case are dependent on that. If the partnership is established, the rights of the defendants are to be settled in one way; if not, in another. There is no controversy in the case now which can be separated from that about the partnership, and fully determined by itself." 108 U. S. 161.

Accordingly, in a suit by a judgment creditor to have the property of his debtor sold and applied to the payment of his debt, after satisfying prior incumbrances thereon, the holders of which are made defendants, it has more than once been decided that there is no such separate controversy between the plaintiff and the holder of such an incumbrance, as will justify a removal; and this for the following reasons: There is but a single cause of action, the equitable execution of a judgment against the property of the judgment debtor, and this cause of action is not divisible. The judgment sought against the incumbrancer is incidental to the main purpose of the suit, and the fact that this incident relates to him alone does not separate this part of the controversy from the rest of the action. What the plaintiff wants is not partial relief, settling his rights in the property as against this defendant alone, but a complete decree, which will give him a sale of the entire property, free of all incumbrances, and a division of the proceeds as the adjusted equities of each and all the

parties shall require. The answer of this defendant shows the questions that will arise under this branch of the one controversy, but it does not create another controversy. The remedy which the plaintiff seeks requires the presence of all the defendants, and the settlement, not of one only, but of all the branches of the case. *Fidelity Ins. Co.* v. *Huntington,* 117 U. S. 280; *Graves* v. *Corbin,* 132 U. S. 571, 588.

The present suit was a bill for partition of lands in Illinois, the principal object of which was to assign to all the tenants in common their shares in severalty. By the law of Illinois, indeed, the court might, in the suit for partition, determine all questions of conflicting or controverted titles, to the whole land or to any share thereof. But the determination of such questions of title was incidental to the main object of the suit, and in order to do complete justice between all the parties, and avoid further litigation. Illinois Rev. Stat. (ed. 1880) c. 106, §§ 1, 39; *Henrichsen* v. *Hodgen,* 67 Illinois, 179; *Labadie* v. *Hewitt,* 85 Illinois, 341; *Gage* v. *Lightburn,* 93 Illinois, 248.

The object of the suit was not merely the establishment of the title of the plaintiff in an undivided share of the land; but it was the partition of the whole land, and the conversion of his undivided share into an entire estate in a proportional part, as well as the establishment of his title against all the defendants. The controversy between the plaintiff and Brown and Sorin related only to the title claimed by the plaintiff in an undivided share; Sorin's whole claim was of an equitable estate in whatever should be set off to the plaintiff; and the other defendants denied that either the plaintiff or Brown or Sorin had any title whatever. Neither of the three, therefore, could recover judgment setting off to him any share in the land, without establishing a title, not only as between themselves, but also as against all the other defendants. The inevitable result is that the controversy of the plaintiff and Brown with Sorin was merely incidental to the main object of the suit, could not be determined as between them without the presence of the other defendants, and did not constitute such a separate controversy as would justify a removal into the Circuit Court of the United States.

If the controversy between the plaintiff and Brown on the one side and Sorin on the other had been such as to justify a removal, there can be no doubt that after that controversy had been settled, as shown by the stipulation of the parties to it, the suit no longer really involved a dispute or controversy properly within the jurisdiction of the Circuit Court, and should therefore have been remanded to the state court, under section 5 of the act of March 3, 1875, c. 137. 18 Stat. 472; *Robinson* v. *Anderson,* 121 U. S. 522; *Texas Transportation Co.* v. *Seeligson,* 122 U. S. 519; *Graves* v. *Corbin,* 132 U. S. 571, 590.

But it is unnecessary to dwell upon that view of the case, because, for the reasons above stated, the original removal on the petition of the appellant was wrongful; and therefore the judgment must be reversed for want of jurisdiction, with costs against the appellant, and the case remanded to the Circuit Court with directions to render a judgment against him for costs in that court, and to remand the case to the state court. *Mansfield &c. Railway* v. *Swan,* 111 U. S. 379; *Graves* v. *Corbin,* above cited.

*Judgment reversed accordingly.*