**VON HERWARTH v. GRISTEDE BROS., Inc., et al.**

District Court, S. D. New York.

Oct. 6, 1937.

Smyth & Tuttle, of New York City, for plaintiff.

William E. Lowther, of New York City, for defendant Gristede Bros., Inc.

Jerome Kidder, of New York City, for impleaded defendant Armour & Co.

912

COXE, District Judge.

This is a motion by the plaintiff to remand the action to the state court. The suit as originally commenced was against Gristede Bros., Inc., retail grocers in New York City, as the sole defendant, to recover damages for personal injuries alleged to have been sustained in eating unwholesome meat purchased from the defendant. The complaint charges both breach of warranty and negligence. The plaintiff is a resident and citizen of New York, and Gristede Bros., Inc., is a New York corporation.

In the state court, Gristede Bros., Inc., impleaded Armour & Co., an Illinois corporation, under section 193, subd. 2, of the New York Civil Practice Act, on the ground that the meat in question was supplied to Gristede Bros., Inc., by Armour & Co., and, further, that there would be a liability over to Gristede Bros., Inc., in the event that the plaintiff succeeded in the main action. This resulted in the issuance of a supplemental summons adding Armour & Co. as an additional defendant; and Armour & Co. thereupon removed the action to this court on the ground of diverse citizenship and the asserted existence of a separable controversy.

The removal statute (U.S.C.A. title 28, § 71) provides that, "when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them," the suit may be removed into the District Court for the proper district. And it is settled law in the construction of this section that the removal of a separable controversy brings the entire suit to this court for determination. Barney v. Latham, 103 U.S. 205, 26 L.Ed. 514; Gainesville v. Brown-Crummer, 277 U.S. 54, 48 S.Ct. 454, 72 L.Ed. 781. But is there a separable controversy between Gristede Bros., Inc., and Armour & Co. "which can be fully determined as between them"? I think not. The plaintiff has sued Gristede Bros., Inc., for damages for breach of warranty and negligence; he had no relations whatever with Armour & Co., makes no claim against it, and is utterly indifferent to any controversy between it and Gristede Bros., Inc. Under the liberal practice permitted by the New York Civil Practice Act, Gristede Bros., Inc., has been allowed to bring in Armour & Co. as an additional defendant because if the plaintiff should recover anything against Gristede Bros., Inc., that company would have a remedy over against its own supplier. This controversy between Gristede Bros., Inc., and Armour & Co. cannot "be fully determined as between them" apart from the main suit. Indeed, it cannot stand at all independently unless and until the plaintiff's claim against Gristede Bros., Inc., has been determined favorably to the plaintiff. The controversy between Gristede Bros., Inc., and Armour & Co. is merely incidental or auxiliary to the main issue. Shainwald v. Lewis, 108 U.S. 158, 2 S.Ct. 385, 27 L.Ed. 691; Brooks v. Clark, 119 U.S. 502, 7 S.Ct. 301, 30 L.Ed. 482; Torrence v. Shedd, 144 U.S. 527, 12 S.Ct. 726, 36 L.Ed. 528; it is not a separable controversy which may be removed to this court. For these reasons, I am inclined to disagree with the decision in Gillette Safety Razor Co. v. Chaffee-Shippers' Service (D.C.) 10 F.Supp. 898, which seems to hold to the contrary.

The motion of the plaintiff to remand the suit to the state court is granted.