DOBRENSKI v. BLATZ BREWING CO. et al.

No. 175.

District Court, W. D. Michigan, S. D.

Sept. 9, 1941.

292

Robert E. Plunkett, of Detroit, Mich., for plaintiff.

Alexander, McCaslin & Cholette, of Grand Rapids, Mich., for defendant Blatz Brewing Co.

Williams, Eversman & Morgan, of Toledo, Ohio, and Warner, Norcross & Judd, of Grand Rapids, Mich., for defendant Owens-Illinois Glass Co.

Knappen, Uhl, Bryant & Snow, of Grand Rapids, Mich., for defendant Stanley Lesienski.

RAYMOND, District Judge.

This cause was removed from the Circuit Court of Kent County by defendant, Owens-Illinois Glass Company, and is now before the court on motion by plaintiff to remand. The declaration alleges injuries sustained by plaintiff as the result of the explosion of a bottle of ginger ale. It charges negligence upon the part of the defendants individually and collectively. It avers that Owens-Illinois Glass Company was negligent in its manufacture of the bottle, the contents of which exploded; that the Blatz Brewing Company was negligent in bottling the ginger ale; and that defendant Lesienski as a retailer was negligent in handling and exposing for sale the bottle of ginger ale.

In opposition to the motion to remand, it is urged that a separable controversy exists as to defendant Owens-Illinois Glass Company, for the reason that its alleged negligence was different from and not concurrent with the alleged negligence of the other defendants. It is also urged that the declaration does not state a cause of action based on joint liability of the defendants.

Consideration of the declaration on file results in the conclusion that the motion to remand must be granted. Some conflict exists in the authorities with reference to the liability of a manufacturer of food stuffs to the ultimate consumer for negligence in manufacture. In Michigan, however, it is clearly held that there is an implied warranty reaching from the manufacturer to the ultimate purchaser for immediate consumption, this warranty being in the nature of a representation that the highest degree of care has been exercised. In the case of Hertzler v. Manshum, 228 Mich. 416, 200 N.W. 155, the rule was announced that the retail dealer may be joined with the wholesaler as a party defendant and the liability of both may be counted on in tort for negligence or breach of implied warranty. Consideration of the declaration in the present case convinces the court that the plaintiff has stated a joint cause of action against the several defendants. No reason appears for making a distinction between the negligence of a manufacturer of food stuffs for ultimate human consumption and that of a manufacturer of containers intended for use in the distribution and sale of such products. It is urged by the removing defendant that its negligence, if any, had ceased prior to the time of the injury, but it seems to the court that the negligence, if any, was a continuing act so long as the container was being used for the purpose for which it was intended.

It is recognized that a joint and concurrent cause of action may exist even though the origin and nature of the duties of the defendants are different and arise out of entirely distinct relationships. In the case of Watson v. Chevrolet Motor Co. of St. Louis, 8 Cir., 68 F.2d 686, 689, the petition set forth a case of alleged negligence of two defendants which without common design or concert of action concurred to produce a single indivisible injury. It was there held that the fact that one party is not primarily responsible for the act of the other can have no effect upon the right of joinder. The court said: "* * * This situation is present in most cases of concurrent negligence where there is no concert of action nor unity of purpose. Nor do we think it necessary that the petition must in terms allege that

'such separate and distinct acts were joint and concurrent,' as appellees contend. It is sufficient if the petition, reasonably construed, charges concurrent negligence. As said by the late Judge Walter H. Sanborn, speaking for this court in City of Winfield v. Wichita Natural Gas Company, [8 Cir.] 267 F. 47, 52: 'It is the controversies, the facts pleaded in the complaint portray, not the legal conclusions the pleader alleges result from those facts, nor his averments of joint liability or joint action, nor his prayer for relief, that determine whether or not the controversies disclosed by the complaint are separable.'" See, also, Lynes v. Standard Oil Co., D.C., 300 F. 812; Von Herwarth v. Gristede Bros., D. C., 20 F.Supp. 911.

By reason of the fact that the alleged act of negligence on the part of the Owens-Illinois Glass Company was a continuing one, and its effects were in existence at the time of the alleged explosion of the bottle, it cannot be said that the act of this nonresident defendant was a nonconcurrent act of negligence within the rule stated in Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334.

An order will accordingly be entered granting plaintiff's motion to remand.

In view of this disposition of the motion to remand, no action will be taken in this court upon motion of defendant, Owens-Illinois Glass Company, to quash service of process.