**BROWN v. HECHT CO. (WILLMARK SERVICE SYSTEM, Inc., Third-Party Defendant).**

No. 3950.

District Court, D. Maryland.
July 2, 1947.

Julius Isaacson and James J. Lindsay, both of Baltimore, Md., for plaintiff.

Talbot W. Banks and Thomas G. Andrew, both of Baltimore, Md., for defendant.

J. Nicholas Shriver, Jr., and Cross & Shriver, all of Baltimore, Md., for third-party defendant.

CHESNUT, District Judge.

This is a removed case from the State Court and the plaintiff has filed a motion to remand. It presents the question whether the removal was proper in view of the fact that, as the plaintiff and the original defendant in the State Court are both citizens of Maryland, there is no diversity of citizenship between them, the removal having been at the instance of an impleaded third-party defendant, a citizen of another State, who obtained from the State Court an order for the transfer of the entire case, basing jurisdiction here on that sentence in 28 U.S.C.A. § 71, which authorizes removal of a "separable controversy" by a non-resident defendant. The case thus raises the question as to the proper application of this statute to situations arising under the recently adopted Maryland State procedure with regard to "third-party practice".

The original complaint in the case in the State Court presented a suit at law for damages for alleged unlawful imprison-

ment of the plaintiff by the defendant's agents. The original defendant then obtained an order of the State Court to implead the Willmark Company as a third-party defendant under the Maryland Act of 1947, § 717, now codified in the Maryland Code (1947 Cum.Supp.) as Art. 50, § 27, relating to procedure and·practice in matters of "joint obligations".[1] The ground for impleading the Willmark Company as a third-party defendant was a briefly stated averment that The Hecht Company (the original defendant) had a contract with the Willmark Company for "protective services". While not more specifically developed the inference seems to be that The Hecht Company was conducting a department store or similar retail merchandising business, and the Willmark Company in some way agreed to "protect" that business, presumably from loss from customers or employees. The position taken by The Hecht Company was that if the plaintiff had a good cause of action against any one it was really against the Willmark Company, but if The Hecht Company was itself liable then the Willmark Company was a joint tort feasor and The Hecht Company would be entitled to *contribution* from it. Section 27 just referred to provides partially that "plaintiff shall amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant. The third-party defendant is bound by the adjudication of the third-party plaintiff's liability to the plaintiff as well as of his own liability to the plaintiff and to the third-party plaintiff." But in this case the original plaintiff has not amended her complaint to assert any cause of action against the third-party defendant either separately or jointly with the original defendant.

▮ The primary question in the case is whether there is a "separable controversy" within the meaning of the following sentence in 28 U.S.C.A. § 71—"And when in any suit mentioned in this section there shall be a controversy which is *wholly* between citizens of different States, and which can be *fully* determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district." (Italics supplied.) The right to remove a case from the State to the federal court is, of course, wholly statutory in origin and likewise the suit must be related to a case or controversy within the constitutional grant of federal judicial power in Art. 3, § 2 of the Constitution which, for a case of this general nature, is limited to controversies "between Citizens of different States." It will be remembered that the Supreme Court in Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435, early held that such diversity did not properly exist unless *all* plaintiffs were of different citizenship from *all* the defendants. However, shortly after the Civil War, Congress passed a number of separate statutes authorizing removal of suits from the State to the federal court in particular situations where *some* of the defendants were of the same citizenship as the plaintiff but another non-resident defendant desiring removal was of diverse citizenship from the plaintiffs. The statute authorizing removal of the so-called "separable controversy" was one of these early particular statutes. It was the Act of July 27, 1866, 14 Stat. 306, 28 U.S.C.A. § 71, historical note. Under that early statute it was held that only the so-called separable part of the whole suit was to be removed to the federal court. But in experience this caused confusion and embarrassment in having part of the whole case tried in one court and another part in a different court; and thereafter the statute was amended in 1875, c. 137, 18 Stat. 470, the phraseology of which with respect to separable controversies, so far as is related to

---

[1] See also for new Maryland rule on third party practice effective January 1, 1948, Rule 4, General Rules of Practice and Procedure (Maryland Code, 1947 Cum.Supp. p. 2042) and a discussion of the applicability of this rule to actions of the type herein in a paper by Mr. Wendell D. Allen of the Baltimore Bar, Daily Record of June 7, 1948. The parties have treated this new rule as not applicable to the present case because the suit in the state court was instituted prior to the effective date of the new rule.

this case, is the same as that now contained in section 71 of title 28. After this amendment the Supreme Court in Barney v. Latham, 103 U.S. 205, 213, 26 L.Ed. 514, held that where there was a properly removable separable controversy the *whole* case and not merely the separable part of it, was transferred to the federal court. Later the statutes were again amended by the Judiciary Acts of 1887, c. 373, 24 Stat. 552, and 1888, c. 866, 25 Stat. 433. The general purpose of these Acts of 1887 and 1888 was to *restrict* federal jurisdiction. Rose Federal Jurisdiction and Procedure, 4th Ed. **s.** 395; See also Dobie on Federal Procedure, § 95. "Federal Courts have by construction restricted rather than enlarged the classes of cases in which the right of removal can be exercised on the ground that there is a separable controversy. Since the passage of the Act of 1887 they have steadily sought to limit rather than to extend their jurisdiction."

Numerous reported cases illustrate the difficulty of always clearly determining whether the separable controversy does exist. But in general it may be said "the controversy within the suit must be a separate and distinct cause of action in itself, on which a separate suit might have been maintained between the parties to this controversy." Dobie, supra, p. 375; Rose, supra, § 396, p. 368.

In the historical development of statutory wording and judicial decisions relating to federal jurisdiction on removal of "separable controversies" some principles have been definitely settled as of the present time. It will be noted that neither the original statute nor any of its later amendments uses the word "separable" but nevertheless courts have uniformly treated the language of the original and final amended statute as one necessarily embracing a "separable" controversy. The wording of the statute distinguishes between the *suit* as a whole, and the one or more *controversies* separately arising in the whole suit. Thus it necessarily follows that at least one of the controversies in the whole suit must be "separable" from some other controversy in the suit. Or stated in other words, the whole suit must contain at least two controversies one of which may

be separated from the other; and by the wording of the statute in its final form, this controversy to be so separable must be one "which is wholly between citizens of different States, and which can be fully determined as between them". In order to meet this statutory requirement the particular controversy must be one which can be decided between diverse citizens without necessarily involving the rights of parties of the same state citizenship. Again, it is important for this case to note that we must look to the statement of the case as made by the original plaintiff in the State Court to determine whether there is such a separable controversy. Louisville & N. Rwy. Co. v. Ide, 114 U.S. 52, 5 S.Ct. 735, 29 L.Ed. 63; Chicago & A. Ry. Co. v. McWhirt, 243 U.S. 422, 37 S.Ct. 392, 61 L.Ed. 826; Dobie on Federal Procedure, p. 380, Rose Federal Procedure, § 397. And the controversy that is so separable must constitute a distinct cause of action and not a mere incidental controversy that is only collateral to the main suit. Bellaire v. B. and O. Rwy. Co. 146 U.S. 117, 13 S.Ct. 16, 36 L.Ed. 910; Dobie, supra, pp. 375–379. However, while under the original Act of 1866 the separable controversy in the State Court was severed from the whole suit and it only removed to the federal court, now under the statute as amended, it has long and consistently been held that where removal exists for the separable controversy the whole case goes to the federal court. Barney v. Latham, 103 U.S. 205, 26 L.Ed. 514; Rose on Federal Procedure, p. 367; Dobie on Federal Procedure, p. 372. Still again it must be remembered that the removal statute with which we are here concerned (28 U.S.C.A. § 71) with respect to removal of separable controversies, is a codification of the last amendment of 1887–1888 which has uniformly been regarded as intended to restrict rather than expand federal jurisdiction. Gay v. Ruff, 292 U.S. 25, 36, 54 S.Ct. 608, 78 L.Ed. 1099, 92 A.L.R. 970; Dobie, supra, p. 370.

Federal judicial decisions indicate that the courts have had difficulty in applying these principles to situations where, by virtue of intervention or impleader, additional parties have voluntarily intervened or been involuntarily brought into the suit

Dobie, *supra*, p. 381. And especially there has been a marked conflict in such situations in the decided cases relating to the comparatively new procedure of third-party practice which, of course, came into vogue long after the origin of the removal statute for separable controversies. See Moore's Federal Practice, Vol. 1, pp. 781, 782; and Vol. 3, p. 3505. Thus in two such cases in the Southern District of New York, District (later Circuit) Judge Patterson held that the non-resident third-party defendant impleaded under the New York practice statute at the instance of a resident defendant could remove the whole case to the federal court, and there the case would not be severed, retaining only the separable controversy. Gillette Safety Razor Co. v. Chaffee-Shippers' Service, Inc., D. C., 10 F.Supp. 898; Summers v. Tillinghast Stiles Co., D. C., 19 F.Supp. 230. See also Ellis v. Peak, D. C., 22 F.Supp. 908, arising, however, under a somewhat differently worded Texas procedural statute. But on the other hand, in a later case in the Southern District of New York, Von Herwarth v. Gristede, D.C., 20 F.Supp. 911, 912, District Judge Coxe disagreed with that view in a similar procedural situation, holding that there was no separable controversy which could be fully determined as between the third-party plaintiff and the third-party defendant, apart from the main suit, and saying:

"Indeed, it cannot stand at all independently unless and until the plaintiff's claim against Gristede Bros., Inc., has been determined favorably to the plaintiff. The controversy between Gristede Bros. Inc., and Armour & Co., (the third-party defendant) is merely incidental or auxiliary to the main issue. Shainwald v. Lewis, 108 U.S. 158, 2 S.Ct. 385, 27 L.Ed. 691; Brooks v. Clarke, 119 U.S. 502, 7 S.Ct. 301, 30 L.Ed. 482; Torrence v. Shedd, 144 U.S. 527, 12 S.Ct. 726, 36 L.Ed. 528; it is not a separable controversy which may be removed to this court."

And shortly thereafter Judge Byers in the Eastern District of New York in a similar case agreed with Judge Coxe and remanded the case to the State Court. Panzer v. Lyons Cafeterias, D.C., 21 F. Supp. 263. See also the opinion of Circuit Judge Hutcheson in the City of Waco v. U.S. F. & G. Co., 5 Cir., 76 F.2d 470 as the final opinion in a complicated procedural situation following prior opinions in 5 Cir., 67 F.2d. 785 and 293 U.S. 140, 55 S. Ct. 6, 79 L.Ed. 244.

I find myself in accord with both the reasoning and result reached by Judge Coxe. But in concluding that this suit must be remanded to the State Court, I express the matter somewhat differently. As I view it, the conflict in and uncertainty about these cases results from the failure to distinguish between a *separable* controversy and a *separate* controversy. These two words have different meanings. A controversy which is separable necessarily implies a distinction between the whole and its constituent parts. Therefore something which is separable is ordinarily only a part of a whole. And only when it is severed does it become separate. But a controversy which *originally* is not a part of a whole suit is a separate and additional and independent controversy. And because it was never in the first place a part of the whole it cannot properly be considered "separable". This being so it necessarily results that the complaint of the original defendant in the State Court against the third-party defendant is not a separable part of the original suit (which must be tested by the complaint filed by the original plaintiff in the State Courts).

In ruling on the motion to remand in this case, it must not be overlooked that the *whole* case has been removed here from the State Court. This was consistent with and required upon the theory that there was a separable controversy arising upon the third-party complaint. But before the existence of a separable controversy can be found another applicable principle must be borne in mind—that is, that you must find it in the plaintiff's own statement of his case. Of course no such controversy with the third-party defendant appears therein. One reason for the rule that a separable controversy must appear on the plaintiff's own statement doubtless is to give recognition to the right of the plaintiff to select the forum in which he wishes to try the case consistent with his statement of his case. In the instant case the plaintiff elect-

ed to sue the resident defendant only and therefore had prima facie the undoubted right to have that case decided in the State Court. It seems unjust to permit a party not sued by the plaintiff but subsequently brought into the case only at the option of the original defendant, to force the original plaintiff to a trial in a forum not of his own selection and which would have no jurisdiction of the case as stated by the plaintiff himself. Equally it is true that the third-party defendant's controversy here is not with the original plaintiff but with the original defendant. As to them there is diversity of citizenship and a separate independent cause of action. As the latter is not a part of the original suit but arises only if, when and as the original suit is terminated favorably to the plaintiff, the procedural error in the removal of this case was the removal of the *whole* case and not only of the collateral suit dependent as to its existence upon the outcome of the original suit. In other words, this particular third-party complaint, and probably many of the same general nature, seems to constitute a separate rather than a separable controversy and as a separate suit it would appear that it alone could be removed. This is not inconsistent with the established doctrine that when a suit is removed because of the existence of a separable controversy the whole suit goes to the federal court because in this case there is no separable controversy but only a separate controversy. There are numerous decisions to the effect that separate controversies in a whole suit may be severed from others, and those which have the other jurisdictional requirements for removal may be alone removed to the federal court, as, for instance, when a condemnation suit in a state court involves several different parcels of land in different personal ownerships. See Moore's Federal Practice, Vol. 3, pp. 3503–3505. Compare the discussion in 41 Harvard Law Review, 1048–1051, but apparently not with special regard to the comparatively recent "third-party practice", and see also 79 Pa.Law Review, 306, 310.

■ That the third-party suit in this case constituted a separate additional and independent suit is very clear in my opinion. The complaint of the original plaintiff in the State Court did not include the present third-party defendant as a party to the case. It set up no claim of any kind against it. And even after the filing of the third-party complaint in the State Court, in effect offering to the plaintiff an additional defendant as a joint tort-feasor, still the original plaintiff has not accepted the offer, has not amended her complaint to include the additional defendant and has no case or controversy whatever against it according to her complaint. The particular Maryland statute with respect to third-party practice applicable to this case (Maryland Code Supp.1941, Art. 50, § 27—now superseded by the more general practice rule adopted by the Maryland Court of Appeals effective January 1, 1948) literally provided that the plaintiff "shall amend his complaint"; and it is indicated by the Maryland Court of Appeals in Shedlock v. Marshall, 186 Md. 218, 46 A.2d 349—See also dissenting opinion of Chief Judge Marbury, Brotman v. McNamara, 181 Md. 224, 229, 29 A.2d 264—that the provision is mandatory; but nevertheless with regard to jurisdictional authority for the removal in this case, I must treat the pleadings as they were at the time of removal and not as they might have been. And, as previously pointed out, the right to removal for a separable controversy must be found in the plaintiff's statement of her case. Under the pleadings as here presented the plaintiff has not in fact sued the third-party defendant and apparently has no claim against or controversy with him. And if the plaintiff had amended her complaint in the State Court to assert a joint liability of the original third-party defendant, or if under the Maryland decisions, the plaintiff's complaint must be treated as so amended, then for another reason the case could not have been removed at all by either defendant under 28 U.S.C.A. § 71, as, the alleged liability being joint, there clearly would have been no separable controversy and no sufficient complete diversity of citizenship.

As the *whole* suit has been removed to this court, and as I conclude that there is no jurisdiction here to retain the whole suit, it must be remanded to the State Court. There has been no motion made here to sever the original suit from the

additional third-party complaint and to retain the latter while remanding the former. Indeed if this court is truly without jurisdiction of the case in its present situation, it would seem that there is no authority to so sever the case here. See for instance, City of Waco v. U.S. F. & G. Co., 5 Cir., 76 F.2d 470. While I express no opinion upon the point, it is possible that under the Maryland procedure the third-party complaint might possibly have been severed from the original complaint in the State Court, and if that had been done, it would be consistent with the view hereinabove expressed that the separate controversy between the third-party plaintiff and the third-party defendant could itself have (as such a separate case) been removed to this court. Whether this could now hereafter properly be done in the State Court after remand is a question not presented here.

For all these reasons, I conclude that the whole case which has been removed to this court must now be remanded to the State Court for lack of jurisdiction of this court under the removal statute relied upon. Counsel should submit the appropriate order promptly. The form submitted at the hearing needs amendment.