222

### HENRY v. RICE.
### RICE v. KELLEY–KOETT MFG. CO.
No. 5539.

District Court, E. D. Missouri, E. D.
Oct. 27, 1947.

Meyer Blocker, of St. Louis, Mo., for plaintiff.

Carter, Bull, Garstang & McNulty, of St. Louis, Mo., for defendant and third-party plaintiff.

Wilton D. Chapman, of St. Louis, Mo., for third-party defendant.

HULEN, District Judge.

Motion of plaintiff, Prince Henry, to remand this action to the state court is for ruling. The suit was originally commenced against Dr. Earl R. Rice and seeks to recover for personal injuries based upon alleged negligence of the defendant growing out of the falling of X-ray equipment in the defendant's office upon plaintiff. Plaintiff and defendant in the original action are citizens of St. Louis, Missouri. In the state court defendant, Dr. Earl R. Rice, filed an answer denying plaintiff had a claim against him upon which relief could be granted and denied that he was guilty of any negligence which caused the plaintiff's injuries. The defendant then filed a petition for leave as third-party plaintiff to summon third-party defendant, Kelley-Koett Manufacturing Company. This petition alleged the latter had installed the X-ray equipment, installed it negligently, and the defendant, Dr. Earl R. Rice, was entitled to recover from the third-party defendant "all sums which may be adjudged against defendant (and third-party plaintiff) in favor of plaintiff Prince Henry." The petition was granted. The third-party defendant was impleaded and filed a petition for removal in the state court, which was granted. The petition of the third-party defendant for removal alleges the third-party defendant is a citizen of the State of Ohio, but no severable controversy as between the third-party defendant and third-party plaintiff, or plaintiff, is alleged in the petition for removal. Such is the record.

The removal statute upon which the third-party defendant proceeded provides, 28 U.S.C.A. § 71, in part:

"* * * And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, *and which can be fully de-*

*termined as between them,* then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district. * * *" (Emphasis added)

Of course if the cause was removable the entire controversy is now before this Court. The serious question is whether as between either the plaintiff and third-party defendant or as between the third-party plaintiff and third-party defendant there is a severable controversy "which can be fully determined as between them." The plaintiff has sued defendant Dr. Earl R. Rice for damages based on negligence. Plaintiff had no relations whatsoever with Kelley-Koett Manufacturing Company, third-party defendant, and makes no claim against it. Under the state practice the defendant was permitted to bring in the third-party defendant and the ground upon which the defendant sought to implead the third-party defendant was solely "if plaintiff recovers a judgment against defendant and third-party plaintiff, the third-party defendant Kelley-Koett Manufacturing Company is liable to the defendant and third-party plaintiff." The defendant Dr. Earl R. Rice makes no claim of any character against the third-party defendant other than for such sums as "may be adjudged against defendant" in favor of the plaintiff Prince Henry. Manifestly the controversy between the third-party plaintiff and defendant cannot "be fully determined as between them" apart from the cause of action of plaintiff. The defendant has no claim against the third-party defendant and does not purport to have one *unless and until* plaintiff's claim against him has been determined favorably to the plaintiff.

■ It has been said by the text-writers that under the circumstances presented the decisions as to right of removal are not in accord. 3 Moore's Federal Practice, p. 3505. However, we think the weight of authority is against removal. The general principle of law is stated in 54 Corpus Juris, p. 312, as follows:

" * * * a new party, brought in by cross bill or cross complaint, against whom defendants seek affirmative relief, *not in-*volved in the original proceeding,* may remove for diversity of citizenship * * *." (Emphasis added)

In Von Herwarth v. Gristede Bros. Inc., 20 F.Supp. 911, 912, the District Court for the Southern District of New York had before it a set of facts fairly comparable to the one before this Court. There plaintiff sued the defendant, a retail grocer, for damages alleged to have resulted from eating unwholesome meat which plaintiff had purchased from defendant. Plaintiff and defendant were both residents of New York. The defendant impleaded Armour & Co. as the wholesaler from whom defendant had purchased the meat and, as in the present case, asked that it have judgment against the impleaded third-party defendant in "such sum" only as the plaintiff might recover against the defendant. Armour & Co. being a non-resident of New York removed the case to the federal court, alleging a "severable controversy." The district court remanded, holding that the controversy between the retail grocer and the wholesaler supplier was "merely incidental or auxiliary to the main issue."

The district court based its opinion on three Supreme Court cases: Shainwald v. Lewis, 108 U.S. 158, 2 S.Ct. 385, 27 L.Ed. 691; Brooks v. Clark, 119 U.S. 502, 7 S. Ct. 301, 30 L.Ed. 482; Torrence v. Shedd, 144 U.S. 527, 12 S.Ct. 726, 36 L.Ed. 528.

■ In the Shainwald case the Court said:

"Neither was there any separable controversy in the suit such as would entitle any of the parties to a removal under the second clause. As has already been said, the suit was brought to close up the affairs of an alleged partnership. The main dispute is about the existence of the partnership. All the other questions in the case are dependent on that. If the partnership is established, the rights of the defendants are to be settled in one way; if not, in another. There is no controversy in the case now which can be separated from that about the partnership, and fully determined by itself."

Applying the language of the Shainwald case to the present controversy it may be said that the main dispute here is the cause

of the fall of the X-ray apparatus and plaintiff's resulting injuries. All other questions in the case are dependent on that. If liability is established the rights of the defendants are settled one way; if not, they are settled in another way. There is no controversy in this case which can be separated from that about the cause of the fall of the X-ray apparatus and liability therefor.

 The case of Brooks v. Clark, supra, supports the decision in the Shainwald case. See also Torrence v. Shedd, supra, holding that to sustain removal on the ground of separate controversy between citizens of different states there must be a controversy which can be fully determined as between the citizens of different states, and "the whole subject-matter of the suit must be capable of being finally determined as between them, and complete relief afforded as to the separate cause of action, without the presence of others originally made parties to the suit." Compare Habermel v. Mong, 6 Cir., 31 F.2d 822, 67 A.L.R. 216; Consolidated Textile Corporation v. Iserson, D.C., 294 F. 289. For cases supporting jurisdiction of federal court see also Ellis v. Peak, D.C., 22 F.Supp. 908, and Gillette Safety Razor Co. v. Chaffee-Shippers' Service, Inc., D.C., 10 F.Supp. 898. We are unable to agree with the conclusion of these two cases.