Clem MANTERNACH and Elmer Schlemme, Plaintiffs,

v.

JONES COUNTY FARM SERVICE COMPANY, a Corporation, Defendant and Cross-Petitioner, Diamond Black Leaf Chemical Company, Cross-Defendant.

Civ. No. 599.

United States District Court
N. D. Iowa,
Cedar Rapids Division.

Dec. 2, 1957.

E. W. Brashaw, Monticello, Iowa, for plaintiffs.

James T. Remley, Anamosa, Iowa, Jordan, Jordan & Pence, Cedar Rapids, Iowa, for defendant and cross-petitioner.

Caryl W. Garberson, Harry E. Wilmarth, Wayne C. Collins, Cedar Rapids, Iowa, for cross-defendant.

GRAVEN, District Judge.

The plaintiffs are citizens of the State of Iowa. The defendant Jones County Farm Service Company is an Iowa corporation engaged in the sale of merchandise at retail at Anamosa, Jones County, Iowa. The plaintiffs commenced this action against the defendant in the District Court of Iowa in and for Jones County. They seek recovery against the defendant because of damages alleged to have been sustained by them because of an alleged breach of warranty on the part of the defendant in connection with certain spray solution sold by it to them. The defendant then filed what is designated as a "cross-petition" against the Diamond Black Leaf Chemical Company. In its "cross-petition" the defendant alleges that the Diamond Black Leaf Chemical Company had supplied the spray solution to it and that in event the plaintiffs should recover judgment against it the Diamond Black Leaf Chemical Company would be liable over to it. The Diamond Black Leaf Chemical Company then filed herein its petition for removal. In paragraph 3 of the petition for removal the petitioner states as follows:

"3. Petitioner seeks removal of the cross-petition * * * wherein the Jones County Farm Service Company * * * has cross-petitioned * * * against the Diamond Black Leaf Chemical Company * * *"

██ In the Iowa state court practice the word "petition" corresponds with the word "complaint" in federal court practice.

The petition for removal is based upon the diversity of citizenship between the defendant and the Diamond Black Leaf Chemical Company. The claim of the plaintiffs against the defendant is in excess of three thousand dollars. The defendant then filed a motion to remand, which motion was submitted to the Court and which is the subject matter of this opinion. The pertinent grounds of that motion are:

"1. That in this cause, plaintiff's claim against this defendant and this defendant's claim against the cross-defendant are so inseparably connected with the matters and issues asserted and denied by the parties to the original action that no one of them can be taken up and tried without the judgment affecting and binding all three of the litigants as to all the issues in the action.

"2. That this defendant, the original defendant in this cause, did not possess the right of removal of this cause to the United States District Court.

"3. That cross-defendant's position in this litigation is solely to protect himself against a liability to indemnify this defendant.

"4. That there does not exist in this cause among the parties involved such diversity of citizenship as to entitle this Court to exercise original jurisdiction.

"5. * * *"

Section 1441, Title 28 United States Code (28 U.S.C.A. § 1441), provides as follows:

"§ 1441. Actions removable generally

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters, not otherwise within its original jurisdiction."

In each of the three subsections of Section 1441 one of the requirements for removal is that the action be one in which the district courts of the United States have "original jurisdiction." In the present case there was, as heretofore noted, no diversity of citizenship between the plaintiffs and the defendant Jones County Farm Service Company. There is diversity of citizenship between the parties to the third-party claim, and the requisite federal court jurisdictional amount could be involved.

■■ Where there is federal court jurisdiction as to the main claim in an action brought originally in a federal court, such court has jurisdiction of a third-party claim which arises out of the transaction or occurrence that is the subject matter of the main claim even though federal court jurisdiction would be lacking as to such claim if asserted in an original action. Coastal Air Lines v. Dockery, 8 Cir., 1950, 180 F.2d 874, 877; 3 Moore's Federal Practice, Pars. 13.18 and 13.86, pp. 49, 97 (2nd Ed. 1948). See also Hoosier Casualty Company of Indianapolis, Indiana v. Fox, D.C.1952, 102 F.Supp. 214, 225, 226, 227. Such a third-party claim introduced into the main action is regarded as ancillary to the main claim and supported for federal court jurisdictional purposes by federal court jurisdiction of the main claim. In an action brought in a federal court if a third-party claim does not come within the ancillary jurisdiction of that court such claim must have its own independent basis of federal court jurisdiction. However, whatever the jurisdictional situation may be as to a third-party claim introduced into an action brought in a federal court, such introduction cannot divest such court of jurisdiction of the main action where there is the requisite diversity of citizenship and the requisite jurisdictional amount involved.

■ In the present case federal court jurisdiction was lacking in the main action between the plaintiffs and the defendant Jones County Farm Service Company. Where an action is brought in federal court and federal court jurisdiction is lacking as between the original parties, such jurisdiction cannot be conferred by the introduction of a third-party claim as to which federal court jurisdiction would exist if sued independently. O'Brien v. Richtarsic, D.C.1941, 2 F.R.D. 42. However, in the present case the third-party defendant, Diamond Black Leaf Chemical Company, does not

seek to remove the main action. It claims that the third-party claim against it was properly removed to this Court. Its claim in the first instance raises the question as to whether a third-party claim can ever afford a basis for removal.

Section 1441 relating to removal in its present form was enacted in revised form as a part of the Judicial Code in 1948. Professor Moore states as follows in regard to Section 1441 as revised:

"In line with this change, and since there is no warrant for removal of an action except insofar as some statute gives it, since the removal statute may properly be construed strictly and against jurisdiction, and since it authorizes removal only in the case where there has been a joinder of two or more causes of action and this joinder may properly be confined to a joinder of claims by the plaintiff, we do not believe that any claim introduced into the action by counterclaim, cross-claim, third-party claim, intervention, or garnishment should afford the basis for removal." (Moore's Commentary on U. S. Judicial Code, § 0.03 (37), page 252).

Professor Moore's view that under Section 1441, as revised, no third-party claim can ever afford a basis for removal has not met with unqualified judicial acceptance. Some courts hold that where the third-party claim constitutes a separate and independent claim it may be removed. Industrial Lithographic Co., Inc. v. Mendelsohn, D.C.1954, 119 F.Supp. 285. Other courts hold that even though the third-party claim constitutes a separate and independent claim it may not be removed. Sequoyah Feed & Supply Co. v. Robinson, D.C.1951, 101 F.Supp. 680.

There are a number of cases which antedate the revision of Section 1441 in which the question of the removability of a third-party claim was involved. However, because of the change in the provisions of the removal statute they are not particularly helpful. Those cases are Gil-lette Safety Razor Co. v. Chaffee-Shippers' Service, D.C.1935, 10 F.Supp. 898 (removal upheld); Ellis v. Peak, D.C. 1938, 22 F.Supp. 908 (removal upheld); Von Herwarth v. Gristede Bros., D.C. 1937, 20 F.Supp. 911 (remanded); Panzer v. Lyons Cafeterias, D.C.1937, 21 F. Supp. 263 (remanded); Nelson v. Camp Mfg. Co., D.C.1942, 44 F.Supp. 554 (remanded); Henry v. Rice, D.C.1947, 74 F.Supp. 222 (remanded); Brown v. Hecht Co., D.C.1947, 78 F.Supp. 540 (remanded).

While the courts are in disagreement on the question of whether under Section 1441, as revised, a third-party claim may be removed when asserted as a separate and independent claim, they are not in disagreement as to the non-removability of a third-party claim when it does not constitute a "separate and independent claim or cause of action."

In the present case the defendant in its third-party claim is seeking indemnity in the event it is held liable to the plaintiffs. Until and unless the defendant is held liable to the plaintiffs, it cannot recover from the Diamond Black Leaf Chemical Company. Thus the indemnity liability of that company, if any, is dependent upon whether the defendant is held liable to the plaintiffs. Since the third-party claim asserted in the present case is entirely dependent upon the outcome of the main action, it cannot be regarded as a "separate and independent claim or cause of action." See Sequoyah Feed & Supply Co. v. Robinson, D.C.1951, 101 F.Supp. 680. If no recovery is had by the plaintiffs against the defendant, then the third-party claim becomes moot. Nelson v. Camp Mfg. Co., D.C.1942, 44 F.Supp. 554, 560. For discussion of enforcement of claim for indemnity, see E. E. Davis, Indemnity Between Negligent Tortfeasors: A Proposed Rationale, 37 Iowa L. Review 517, 553 (1952).

The Court is of the view and holds that the third-party claim in the present case is not a "separate and independent claim or cause of action" within the provisions of Section 1441(c).

It is hereby ordered that the third-party claim of the defendant against the Diamond Black Leaf Chemical Company be and it is hereby remanded to the District Court of Iowa in and for Jones County.