## PANZER et al. v. LYONS CAFETERIAS, Inc., et al.

District Court, E. D. New York.

Nov. 22, 1937.

Richard M. Cantor, of New York City, for plaintiffs.

William Butler, of New York City (J. A. Keller, of New York City, of counsel), for defendant Lyons Cafeterias, Inc.

Robert E. Curran, of New York City, for impleaded defendant M. Buchsbaum & Sons.

Franklin Malone, of New York City, for impleaded defendant Van Wagenen & Schickhaus Co.

BYERS, District Judge.

This is a motion to remand.

The plaintiffs Panzer in October, 1934, brought an action in the state Supreme Court against the defendant Lyons Cafeterias, Inc. (a Delaware corporation), to recover damages on the part of Mrs. Panzer because of an alleged breach of contract; namely, a breach of the defendant's representation to her that certain fresh ham displayed and sold to her in its restaurant was wholesome and fit for human use and consumption. She asserts that, by reason of the breach of that contract, she suffered injuries for which she is entitled to recover $25,000.00.

Her husband's cause is based upon the same breach of contract, and asserts his own damages for loss of services, consortium, etc., in the sum of $10,000.00.

After the cause was at issue and about March 3, 1937, the said defendant, by appropriate proceedings pursuant to section 193, subd. 2, of the Civil Practice Act, impleaded the defendant M. Buchsbaum & Sons (a New York corporation), the supply house from which Lyons purchased the ham.

Thereafter and about July 23, 1937, Buchsbaum similarly impleaded the defendant Van Wagenen & Schickhaus Company, the meat packers which was its source of supply. That is a New Jersey corporation, and, upon being so impleaded, it filed its petition for removal of the entire cause to this court, and the removal bond is dated September 18, 1937.

The plaintiffs' motion is to remand upon the ground that its cause of action is upon a breach of warranty arising from the legal relations entered into by the plaintiff Martha R. Panzer with the Lyons Cafeterias, Inc., and that there is presently no separable cause against either of the other defendants.

This question was presented to Judge Coxe in the Southern District in the case of Von Herwarth v. Gristede Bros., Inc. (D.C.) 20 F.Supp. 911, the defendant in which impleaded Armour & Co., an Illinois corporation, the packer of the food said to have caused the injury to that plaintiff. Under date of October 6, 1937, he granted a motion to remand, and I have had the benefit of his opinion in the disposition of this motion, and find it impossible to disagree with his conclusion. His decision will be followed.

It seems quite clear that there is no existing cause of action against M. Buchsbaum & Sons on the part of Lyons, or against Van Wagenen & Schickhaus Company on the part of M. Buchsbaum & Sons. At most, there is a possibility that, as a result of the outcome of the primary suit, a cause of action may arise. To characterize such a possibility as a separable controversy would result in confusing procedural expedition as fostered by the state practice, with the recognition of a substantive obligation which presently does not exist. If the plaintiffs should fail against

Lyons, there would be nothing further to litigate.

When the cause was argued, it was supposed that Lyons is a New York corporation, but the contrary has subsequently been shown. That fact is not seen to influence the decision of this motion, since Lyons did not remove the plaintiffs' cause.

Motion to remand granted. Settle order.