**WESTWOOD DEVELOPMENT CO., Inc. and Dr. H. C. Hoisington, Appellants,**

v.

**Harvey V. HIGLEY, Administrator of Veterans' Affairs, et al., Appellees.**

**No. 17127.**

United States Court of Appeals
Fifth Circuit.

April 30, 1959.

Charles G. Lyman, John E. Lyle, Lyman & Sudduth, John E. Lyle, Corpus Christi, Tex., for appellants.

William B. Butler, U. S. Atty., Newton B. Schwartz, Asst. U. S. Atty., Houston, Tex., John G. Seaman, Charles R. Porter, Jr., Corpus Christi, Tex., for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

Set on the docket of this court for argument and argued and submitted on

November 25, 1958, decision of the case was, on the suggestion of counsel that settlement discussions were pending, reserved first for a period of sixty days and later for an additional period. All of the delay times having expired without settlement, the matter is now for decision.

As will appear from the statement following, there stand at the threshold of this appeal questions of jurisdiction, and as we are of the opinion that we should resolve them in favor of appellees' motion to dismiss (first presented for a preliminary order and then denied in accordance with the usual practice of this court to take such motions with, and defer definitive action thereon until, the submission of the cause, and later reasserted for decision at the submission of the case), the statement will deal with the claims on the merits not to decide them but only so far as is necessary to the decision on the motion to dismiss.

Neither Westwood Development Company and Dr. Hoisington, hereinafter referred to collectively as Westwood, nor Veterans' Affairs Administrator Higley began this litigation. Westwood built G. I. homes in Corpus Christi, Texas. Some were built over a sanitary fill. The homeowners complained of odors—especially after rain—and that their homes were slowly sinking.

Westwood, thus embroiled, soon found itself embattled as a defendant, along with the City of Corpus Christi, in a state court—the 28th District Court, Nueces County, Texas. For while it was Westwood which had furnished the hole, it was the City which had filled it up with garbage, and, according to Westwood, assured it it would be suitable for residential building.

Nearly two years after the homeowners filed their original petition, and before the case could be tried, the defendants—the City, Westwood, and another, O. L. Tingle—impleaded Higley, as Administrator. This was on the theory that the Veterans' Administration had not only made the veterans' loans to the homeowners, approved the plans, and periodically inspected the construction, but had specifically advised—when Westwood's boring for foundation piers had brought up raw garbage—the use of slab foundations rather than pier foundations over the sanitary fill pit.

Higley removed the case—at least as to the impleader—to the Federal District Court. 28 U.S.C.A. § 1442(a) (1). It was here that Judge Allred, for the reasons stated by him in his unreported opinion,[1] dismissed the case as to Higley,

1. The opinion reads as follows:

"Higley, Administrator of Veterans Affairs, removed this action from the 28th district Court of Nueces County, Texas, after three defendants asked for relief over against him as Administrator in the event of any judgment plaintiffs might secure against such defendants. Higley has attached to his removal petition photostatic copies of the process attempted to be served upon him, including detailed amended exceptions and pleadings which are blurred and very difficult to read. After removal here Higley moves to dismiss the action by reason of (1) alleged improper service upon him and (2) alleged lack of jurisdiction to grant the relief sought against him as administrator. No clear statement is made in any of the briefs as to the nature, etc. of the case in the state Court. However, after careful examination of the pleadings and briefs, I gather that seven veteran

plaintiffs sued a number of defendants in the state Court on Sept. 22, 1955, for damages by reason of faulty construction, misrepresentations, etc. in the sale of certain homes in an addition to the city of Corpus Christi; that the Veterans Administration guaranteed loans on these homes, liens for which are held by various insurance and mortgage companies and savings banks. The city of Corpus Christi is also a party defendant.

"In June 1957, the three defendants who impleaded Higley in the state Court proceedings filed their answers to the plaintiffs' fifth amended original petition, for the first time making the Veterans Administrator a party. Their answers consist of general and detailed denials, etc. in due and ancient form. They then allege what they claim to be 'the true unvarnished facts.' Allegedly there was a pit on some of the land covered by the addition which Westwood

and remanded it to the State Court. It is this judgment from which Westwood now appeals.

The parties have brought several issues before us. Higley alleges at the outset that a remand to State Court is not an appealable order, 28 U.S.C.A. §§ 1291, 1447(d), and that this appeal is solely for purposes of delay. Moreover, as he resigned December 20, 1957, and was succeeded by Sumner V. Whittier on January 23, 1958, this appeal (initiated January 31, 1958) has apparently abated as F.R.Civ.P. 25(d), 28 U.S.C.A. provides that when a federal officer is a party, and leaves office, the action *"may*

Development Company intended to fill with solid substances but the city of Corpus Christi, desiring to use it as a sanitary fill, assured the defendants they were well versed in such matters so that the property could be utilized subsequently for residential purposes notwithstanding its use as a sanitary fill; defendants, builders, were ignorant of such matters and relied upon the representations of agents of the city in granting permission to use the pit as a sanitary fill; not only that, but the Veterans Administration had its representative on the location and he approved the building plans, apparently thereby representing that he also was well versed in such matters, defendants still being ignorant in the premises. Therefore, the three defendants, still denying and contesting any liability whatever, nevertheless pray for judgment over against the city of Corpus Christi and Higley for any sums that might be recovered against them.

"It will not be necessary to discuss whether valid service was had upon the removing defendant. It is clear from the proceedings that the cross action is based upon alleged negligence of representatives of the Veterans Administration in approving the city's use of the pit as a sanitary fill and the plans and specifications. It is therefore an action in tort which must be brought against the United States under the Federal Tort Claims Act. Sec. 2674 of Title 28 makes the United States liable for tort in the same manner and to the same extent as a private individual under like circumstances. Jurisdiction is conferred on the United States District Courts for tort claims by reason of the negligent or wrongful act of any government employee acting within the scope of his employment under circumstances where the United States, if a private person, would be liable in accordance with the law of the place. 28 U.S.C. § 1346(b).

"Counsel for the three defendants who impleaded Higley cite a number of cases, principally Seven Oaks, Inc. v. Federal Housing Administration, 4 Cir., 171 F.2d 947, holding that the Federal Housing Administration could be sued in any district where it was doing business and upholding service on its representative in that district. In that case the complaint alleged three causes of action, the first two of which were for damages on account of alleged negligence and wrongful conduct; and third sought to have a trust declared with respect to certain real estate in the district owned by the Housing Administration. A careful study of that case shows that the principal basis for upholding jurisdiction was on the third cause of action, as a local action relating to real estate located within the district. The Court expressly declined to pass upon the right of plaintiff to maintain the suit on the causes of action alleged.

"It is clear that the cross action here is in reality one for tort against the United States. Indeed counsel for the three defendants acknowledged on brief that this is true. But they have sued the Administrator of Veterans Affairs, an agency of the federal government. Sec. 2679 of Title 28 reads as follows:—

" '§ 2679. Exclusiveness of remedy.

" 'The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of title, and the remedies provided by this title in such cases shall be exclusive. June 25, 1948, c. 646, 62 Stat. 984 [934].'

"It is too clear for words that the cross action for tort against Higley is not authorized by law; that it must be against the United States. It is equally clear that the United States was not sued by suing Higley. The procedure in federal tort cases is outlined in Chapter 171 of Title 28, Sections 2671 et seq. An action under the Federal Tort Claims Act must be filed within two years after it accrues or it is forever barred. 28 U.S.C.A. § 2401. Higley's motion to dismiss will be granted. I do not believe that the entire case was removed to this court by Higley's petition; but if it was, it is hereby remanded to the district court in and for the 28th Judicial district of Nueces County, Texas."

*be* continued \* \* \* against his successor, *if* within 6 months" (emphasis supplied) the need for such substitution is shown. Westwood has not yet done so, and the six months expired July 23, 1958. If the merits are reached, Higley contends that the district court was correct in holding that this action could only be brought under the Federal Tort Claims Act, 28 U.S.C.A. § 2679, which would require that Westwood make the United States a party, which was never done, properly or timely, and certainly not by impleading Higley, and on which the two year limitations period of that act had run.

Westwood in return, while admitting that an order of remand to State Court is not an appealable order taken alone, contends that this is not so when it is coupled, as in this case, with an order dismissing the cause of action as to the impleaded party, citing City of Waco v. U. S. Fidelity & Guaranty Co., 293 U.S. 140, 55 S.Ct. 6, 7, 79 L.Ed. 244, reversing our order dismissing the appeal and remanding the cause "with instructions to reinstate the appeal and to proceed therewith in conformity with law", and further asserts that Rule 25(d) does not apply in all circumstances, citing e. g., Acheson v. Fujiko Furusho, 9 Cir., 212 F.2d 284, and more particularly in cases against an administrator in his official capacity, citing e. g., Seven Oaks, Inc. v. F. H. A., 4 Cir., 171 F.2d 947. On the merits, Westwood insists that its claims "definitely do not" come within the Federal Tort Claims Act, citing 28 U.S.C.A. § 2680 and 38 U.S.C.A. § 694j(a) (1).\*

As it turns out, none of the issues raised by the parties need be discussed for they are not before us. Section 1441 (c) provides that a case may be removed to Federal Court if it includes "a sepa-

rate and independent claim or cause of action, which would be removable if sued upon alone \* \* \* ". This was not such an action. Indeed, for purposes of removal, strictly speaking the claim against Higley, on which the removal was based, was no action at all. It was an action over, a warning claim, a stand by and defend notice. For this purpose it amounted to no more than a formal notice of the pendency of the suit and a warning that Higley was involved in, and would be bound by, the result of the action into which he had been impleaded.

In these circumstances, "no separate and independent claim or cause of action" was presented. The case was not removable, indeed it was not removed. City of Waco v. U. S. F. & G. Co., 5 Cir., 76 F.2d 470. Cf. Note 283, "Impleading third parties", 28 U.S.C.A. § 1441; Brown v. Hecht, D.C., 78 F.Supp. 540; Henry v. Rice, D.C., 74 F.Supp. 222. Panzer v. Lyons Cafeterias, D.C., 21 F. Supp. 263.[2]

In short, all that has occurred here is that Higley has sought to remove into the federal court as a separate and independent claim or cause of action what is not separate, indeed, within the meaning of the statute, is not a claim or action at all. The district judge was, therefore, correct in stating in his opinion:

> "Higley's motion to dismiss will be granted. I do not believe that the entire case was removed to this court by Higley's petition, but, if it was, it is hereby remanded. \* \* \* "

The motion to dismiss the appeal is, therefore, granted and it is hereby dismissed.

CAMERON, Circuit Judge.

I concur in the result.

---

\* Now 38 U.S.C.A. § 1820(a–c).

**2.** Cf. also Sec. 1441, Title 28 U.S.C.A., notes 274, 275, 278, and 293 and the 1958 Cum.Supp. covering same notes.