**Beverly Jean GUSTAFSON and Charles Edmond Gustafson, Plaintiffs,**

v.

**Francis Henry PECK, Defendant.**

**Civ. No. 63-C-3006-W.**

United States District Court
N. D. Iowa, W. D.
April 23, 1963.

Pendleton & Pendleton, Storm Lake, Iowa, for plaintiffs.

Donald E. O'Brien, U. S. Atty., Sioux City, Iowa, for defendant.

HANSON, District Judge.

Beverly Jean Gustafson and Charles Edmond Gustafson filed a petition against Francis Henry Peck in the District Court of Iowa in and for Buena Vista County. The petition is in two Counts. One Count is for the damages of Beverly Jean Gustafson and the other Count is for the damages of Charles Edmond Gustafson. The action is based on an alleged automobile collision between a 1960 Chevrolet being operated by the plaintiff Beverly Jean Gustafson and a 1963 Chevrolet being operated by Francis Henry Peck. There are five specifications of negligence alleged against the defendant Francis Henry Peck.

On February 4, 1963, the United States petitioned to have the case removed to the United States District Court for the Northern District of Iowa, Western Division. The basis alleged for removal is that the plaintiffs seek judgment against the defendant for negligently operating his motor vehicle and as a result thereof causing damage to plaintiffs. Also, that defendant at such time of the alleged negligence was an employee of the United States Government acting within the scope of his employment. The plaintiffs do not deny that Francis Henry Peck was acting within the scope of his employment as an employee of the United States. The United States alleges in its petition that under these facts the Government has an obligation to intervene and remove the cause to the Federal Court and that the action is then exclusively against the United States under Section 2679, Title 28 U.S.C.A.

On February 12, 1963, the plaintiffs filed a Motion to Remand this action to the District Court of Iowa in and for Buena Vista County. The bases for the Motion to Remand are (1) that the remedy against the United States as allowed by the Federal Tort Claims Act does not preclude the plaintiffs' cause of action against the defendant, (2) no diversity of citizenship, (3) that the effect is to deny the plaintiff a trial by jury, and (4) that the Federal Court does not have exclusive jurisdiction over this matter.

■ As to the alleged denial of the right to a jury trial, the Seventh Amendment does not operate to guarantee a right to a jury trial in the State Court but applies only to the Courts of the United States. 5 Moore, pg. 77. Minneapolis & St. Louis R. Co. v. Bombolis (1916) 241 U.S. 211, 36 S.Ct. 595, 60 L.Ed. 961, Ann.Cas.1916E, 505, L.R.A. 1917A, 86; Dennis, Jury Trial and the Federal Constitution (1906) 6 Col.L. Rev. 423; Scott, Fundamentals of Procedure in Actions of Law (1922) 72. The trial by jury which the plaintiffs claim they will be denied would be a trial by jury in the District Court of Iowa in and for Buena Vista County as alleged in the plaintiffs' original petition in that court.

372

The issue of denial of a jury trial in the Federal Court has not been raised as in this case no diversity jurisdiction has been alleged to support an action by Beverly Jean Gustafson and Charles Edmond Gustafson against Francis Henry Peck. The sole basis of federal jurisdiction is based upon Title 28, Section 2679 and 1346(b), U.S.C.A. as alleged in the petition for removal.

█ The Federal Tort Claims Act, Section 2402, Title 28, expressly denies the right to a jury trial against the United States on this type of case. And, actions against the United States Government are not suits at common law within the meaning of the Seventh Amendment to the United States Constitution. McElrath v. United States, 102 U.S. 426, pgs. 439–440, 26 L.Ed. 189; Glidden Co. v. Zdanok, 370 U.S. 530, p. 572, 82 S.Ct. 1459, 8 L.Ed.2d 671. Of course, the issue of a construction of Section 2402 has not been expressly raised in this motion.

██ Moreover, there was never any constitutional right to a cause of action against a Government employee for committing a tort while acting within the scope of his employment whether the action would be tried by a judge or a jury. The United States is immune from suit except where consent has been given. This rests either on the theory that the United States is deemed the institutional descendant of the Crown and enjoying its immunity, C. F. Langford v. United States, 101 U.S. 341, 343, 25 L.Ed. 1010, or on a metaphysical doctrine that there can be no legal right as against the authority that makes the law. Kawananakoa v. Polyblank, 205 U.S. 349, 353, 27 S.Ct. 526, 51 L.Ed. 834; Keifer and Keifer v. R. F. C., 306 U.S. 381, pg. 388, 59 S.Ct. 516, 83 L.Ed. 784. Whether or not a government agent has the immunity of the sovereign is a matter of congressional intent. Keifer and Keifer v. R. F. C., supra; Federal Land Bank of St. Louis v. Priddy, 295 U.S. 229, pg. 231, 55 S.Ct. 705, 79 L.Ed. 1408; R. F.

C. v. J. G. Menihan Corporation, 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595; Howard v. Lyons, 360 U.S. 593, 79 S.Ct. 1331, 3 L.Ed.2d 1454; Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434; B. C. Morton International Corporation v. F. D. I. C., 305 F.2d 692 (1st Cir.) Footnote 2 on pg. 694; Goddard v. District of Columbia Redevelopment Land Agency, (dicta), 109 U.S.App.D.C., 304, 287 F.2d 343; Westwood Development v. Higley, 5 Cir., 266 F.2d 555; Wickman v. Inland Waterways Corporation, D.C., 78 F.Supp. 284; Jacobsen v. United States, 160 F.Supp. 491.

█ This disposes of the question of the plaintiffs' claim of any constitutional right to a separate action against the defendant by trial by jury or otherwise.

█ The remaining question is whether the Congress has now manifested its intent to immunize federal employees from suit eo nomine arising out of their negligent operation of motor vehicles in the scope of their federal employment and now intends that such suits shall be against the United States. Actually, these immunity statutes probably do not completely obliterate the liability of the individual tortfeasor, but at best there is no direct liability against such tortfeasor as long as the United States Government both accepts the responsibility for the tort and declared the tortfeasor immune. See Gardner v. Panama Ry. Co., 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31.

Section 2679 of Title 28 U.S.C.A., has long been an immunity statute. That statute granted immunity for certain acts to Government agencies. Wickman v. Inland Waterways Corporation, supra. Some courts may have felt that individual employees could be immune under this section. See Westwood Development Co. v. Higley, supra.

█ On September 21, 1961, Amendments b through e to Section 2679 were adopted and approved. See U.S. Code of Congressional and Administrative News, Vol. 1, 1961, pg. 611. Prior

to this Amendment, Section 2679 was not sufficient to give immunity to the Government employee in a case like the present. Carvelli v. United States, D.C., 174 F.Supp. 377; see letter by Postmaster General to Senator James Eastland in U. S. Code and Administrative News, 1961, pg. 2789. These amendments deal directly with the present case. They grant immunity from personal liability to Federal employees which may arise out of their negligent operation of motor vehicles while in the scope of their Federal employment. These amendments also require the United States to remove any such action to the Federal Courts which may have been started in a State Court and that the action then becomes one exclusively against the United States with the individual employee immune from liability. Remand is only allowed when it is determined that the employee was not within the scope of his Federal employment at the time the tort was committed. This is the evident clear meaning of this statute. When this is true, there is no room for any other construction by the Court. United States v. West View Grain Co., D.C., 189 F. Supp. 482; Swarts v. Siegal, (8th Cir.) 117 F. 13, 18, 19. Two courts have indicated they believe this the proper construction of this amendment. B. C. Morton International Corporation v. F. D. I. C., supra; Goddard v. District of Columbia Redevelopment Land Agency, supra. It is interesting to note that the legislative history of the amendment completely supports the statute's clear meaning. See U.S.Code of Congressional and Administrative News, Vol. 1, 1961, pp. 2789-2796.

This legislative history of this Amendment shows that it was intended that the remedy against the United States for damage resulting from the operation of an employee of the United States of any motor vehicle while acting within the scope of his office or employment would be the sole remedy, and it was intended that the statute should exclude any separate cause of action against the employee. There is no contrary intention expressed anywhere in the legislative history. Part of the legislative history comes from the Committee on the Judiciary of the House of Representatives. They state that: "This would exclude suits against employees in their individual capacity on the same claims." It also states that the remedy against the United States is to be exclusive and is to protect the Government drivers against the hazard of being subjected to suits. At one time, the Senate put an amendment on the bill allowing a suit started in the State Court to be removed only with the consent of the plaintiff. In the final enactment, however, it was provided that the suit had to be removed if the employee was within the scope of his office or employment while operating the automobile in question. This ends the plaintiffs' argument that the Federal Court does not have exclusive jurisdiction of the case and that the action is not entirely against the United States Government.

This is a new statute and its interpretation presents a novel question. The B. C. Morton and Goddard cases cited supra are the only two cases that have come to the Court's attention as in any way interpreting this statute, but the Court deems its meaning is clear and is as indicated in this memorandum.

The Court finds that there is jurisdiction of this cause as it is an action under the Tort Claims Act which allows the Government the right to intervene and remove the action to the Federal Court.

It is, therefore, hereby ordered that Plaintiffs' Motion to Remand is overruled.