Sadie Ann **SANTORO**, Administratrix of the Estate of Dominick Louis Santoro, Deceased, Plaintiff,

v.

**UNITED STATES** of America and Ezell Johnson, Defendants.

No. 64C98.

United States District Court
N. D. Illinois, E. D.

May 22, 1964.

Gerald M. Rubin, Chicago, Ill., for plaintiff.

Edward V. Hanrahan, U. S. Atty., for defendant.

Raymond McClory, Chicago, Ill., for counter-defendant.

ROBSON, District Judge.

█ In this Federal Tort Claims Act suit, the United States of America moves to dismiss Ezell Johnson as a party defendant. The action arises out of an automobile accident between Dominick Louis Santoro and Ezell Johnson, the latter then acting in his capacity as a postal deliveryman for the Post Office. Plaintiff, Administratrix of the Estate of Dominick Louis Santoro, replies that defendant Johnson is a proper party who should not be dismissed.

The propriety of dismissing defendant Johnson is determined by Title 28 U.S.C. § 2679, an immunity statute which must be viewed conjunctively with the Federal Tort Claims Act, Title 28 U.S.C. § 2674.

The salient feature of § 2679 is subparagraph (b), which reads as follows:

"The remedy by suit against the United States as provided by section 1346(b) of this title for damage to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, *shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee* or his estate whose act or omission gave rise to the claim." (Emphasis added.)

An examination of the legislative history behind subparagraph (b), as indicated in Senate Report 736, reveals that:

"Subsection (b) is the basic provision of the bill, for it makes the remedy provided by section 1346(b) of title 28 * * * *the sole remedy* for * * * death resulting from the operation of a motor vehicle by a

Government employee in the scope of his employment. *This would exclude suits against employees in their individual capacities on the same claims."* 2 U.S.Cong. and Adm. News, 1961, p. 2787. (Emphasis added.)

The report further indicates that making the United States Government exclusively liable for employees' acts, while acting in their official capacity, eliminates the necessity of their purchasing liability insurance covering incidents within the scope of their employment.

In Gustafson, et al. v. Peck, 216 F.Supp. 370 (8th Cir. 1963), the defendant was originally sued in a state court for the negligent operation of a motor vehicle, while acting in his capacity as a Government employee. After removing the case to the District Court pursuant to § 2679, a motion to remand was filed. In denying this motion, the Court construed § 2679(b), as amended, thus:

"These amendments deal directly with the present case. They grant immunity from personal liability to Federal employees which may arise out of their negligent operation of motor vehicles while in the scope of their Federal employment. These amendments also require the United States to remove any such action to the Federal Courts which may have been started in a State Court and that the action then becomes one *exclusively against the United States with the individual employee immune from liability."* Id. 216 F.Supp. at 373. (Emphasis added.)

A similar problem of the relationship between § 2679 and suits against Government employees is involved in Adams v. Jackel, 220 F.Supp. 764 (2nd Cir. 1963). There, a suit filed against the operator of a Government motor vehicle was removed to the District Court. A certificate filed in the state court indicated the United States Attorney was "of the opinion" that "the defendant was acting within the scope of his employment" at the time of the accident. When this certificate meets with the Federal Court's approbation, determining both that said employee was acting in an official capacity and that a remedy is available against the Government, § 2679(b) becomes operative and the proceeding is deemed a tort action against the United States. The Jackel case, supra, makes clear that an unequivocal statement by the Government acknowledging that said employee acted within his employment, which satisfies the Court, is justification for retaining the action as one solely against the Government. Similar construction of the provision is found in Uptagrafft v. United States, 315 F.2d 200 (4th Cir. 1963), cert. denied 375 U.S. 818, 84 S.Ct. 54, 11 L.Ed.2d 52 (1963); see also Perez v. United States, 218 F.Supp. 571 (2nd Cir. 1963).

The instant case is less difficult since this suit arose originally under the Federal Tort Claims Act. Furthermore, the Government admits that defendant Johnson acted in a governmental capacity and acknowledges any liability for his conduct. The Court is of the opinion that § 2679(b) requires dismissal of defendant Johnson under these circumstances.

Further, the plaintiff elected to sue under the Federal Tort Claims Act, of which § 2679 is a related part, and therefore chose a remedy unknown at common law. Dalehite, et al. v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). This choice results in the denial of a jury trial and the required acceptance of evidentiary procedures tailored to satisfy Federal practice. The Court concludes that said course does not, inadvertently, burden the plaintiff unjustly or constitute a denial of due process.

The Court grants the motion to dismiss, and hereby orders Ezell Johnson to be dismissed as a party defendant in this action.