**Wade McCLANAHAN, Appellant,**

v.

**STATE OF LOUISIANA, Appellee.**

**Misc. No. 1078.**

United States Court of Appeals
Fifth Circuit.

July 9, 1968.

Dennis R. Whalen, Baton Rouge, La., William C. Bradley, Baker, La., for appellant.

Thomas W. McFerrin, Asst. Atty. Gen., Baton Rouge, La., for appellee.

Before JOHN R. BROWN, Chief Judge, and RIVES and GODBOLD, Circuit Judges.

PER CURIAM:

The appellant was charged in Louisiana state court with disturbing the peace, apparently for resisting arrest. On the day set for trial he petitioned the United States District Court for the Eastern District of Louisiana for removal pursuant to 28 U.S.C.A. § 1443(2), alleging denial of his rights to an unbiased trial judge, an unbiased prosecutor and an unbiased trial atmosphere. The appellant does not claim to have been engaged in any civil rights activity in the usual sense of that term or that his conduct in any manner related to such activity.

The district court remanded, pointing out that under City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966), sub-section (2) of § 1443 is available only to federal officers and to persons assisting such officers in the performance of their duties. Appellant occupies no such position.

Though appellant did not rely on subsection (1) of § 1443 the district court nevertheless considered whether a right of removal existed thereunder and found none to exist because the rights asserted were broad constitutional guarantees of general application to all citizens not within the phrase of narrower meaning, "equal civil rights." City of Greenwood, Miss. v. Peacock, supra; State of Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966).

We make a threshold examination of the case for the single and limited purpose of determining whether this court has jurisdiction of the appeal. An order of the district court remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise unless the case is within § 1443. 28 U.S.C.A. § 1447(d). Section 1447(d) is jurisdictional. Westwood Dev. Co. v. Higley, 266 F.2d 555 (5th Cir. 1959); Lewis v. United Gas Pipe Line Co., 194 F.2d 1005 (5th Cir.), cert. denied, 343 U.S. 974, 72 S.Ct. 1083, 96 L.Ed. 1368 (1952). It means exactly what it says. 1A Moore, Federal Practice, § 0.169 [2.-1], at 1452–1453 (2d ed. 1965).

Having examined the record it is clear this is not a § 1443 case, either in

**696**

the historical sense or to the extent that the section may have been broadened by the Civil Rights Act of 1964. See Achtenberg v. State of Mississippi, 5 Cir., 1968, 393 F.2d 468. [Feb. 5, 1968]. We have no jurisdiction to review the remand order.

The appeal is dismissed.