Mary DAVENPORT et al., Plaintiffs,

v.

William Holmes BORDERS, John H. Robinson, Wheat Street Three, Inc., d/b/a Wheat Street Gardens, Defendants,

and

HOUSING RESOURCES MANAGEMENT, INC., Defendant and Third-Party Plaintiffs,

v.

Patricia Roberts HARRIS and William A. Hartman, Third-Party Defendants.

Civ. A. No. C79–637A.

United States District Court, N. D. Georgia, Atlanta Division.

Dec. 10, 1979.

Robert L. Connelly, Jr., Dennis A. Goldstein and Phillip A. Bradley, Atlanta, Ga., for plaintiffs.

W. M. Mathews, Jr., Michael T. Nations, Mayer & Nations, Curtis E. Anderson, Asst. U. S. Atty., Atlanta, Ga., for defendants.

### ORDER

TIDWELL, District Judge.

The above-styled matter was originally filed as a class action in the Superior Court of Fulton County on behalf of tenants residing in that portion of the Wheat Street Gardens apartments known as Wheat Street Three. The plaintiffs are seeking redress for the alleged disrepair and unhabitability of their residences. After the defendants impleaded Patricia Roberts Harris and William A. Hartman, individually and in their official capacities as the Secretary and the Atlanta Area Manager, respectively, of the United States Department of Housing and Urban Development (HUD), the third-party defendants removed the case to the district court pursuant to the provisions of 28 U.S.C. §§ 1442(a)(1) and 1446. By Order dated October 16, 1979, this Court requested briefs on the issue of whether a federal officer who is impleaded as a third-party defendant in a state court civil action can remove the case under 28 U.S.C. § 1442(a)(1), in light of the seemingly contrary holding in *Westwood Development Co. v. Higley,* 266 F.2d 555 (5th Cir. 1959). The third-party defendants responded to this request, and in addition, have filed a motion to dismiss or in the alternative, for summary judgment. The other parties to the suit have neither responded to the Court's October 16 Order nor to the aforementioned motion.

The third-party defendants maintain that *Westwood, supra,* focused upon removal under 28 U.S.C. § 1441(c), which provides as follows:

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters

not otherwise within its original jurisdiction.

In *Westwood,* the Fifth Circuit Court of Appeals held that removal by the third-party defendant, who was the Veterans' Affairs Administrator, was improper under § 1441(c), inasmuch as there was no separate and independent claim or cause of action alleged against him. It appears that the Veterans' Affairs Administrator had removed the case pursuant to 28 U.S.C. § 1442(a)(1), which provides for the removal of suits against

Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

In reaching its decision, the Fifth Circuit never specifically addressed the issue of whether the case was removable under the provisions of § 1442(a)(1). However, the United States Supreme Court later held that the Congressional determination of a need for federal officers to have the protection of a federal forum should not be frustrated by a narrow, grudging interpretation of 28 U.S.C. § 1442(a)(1). *Willingham v. Morgan,* 395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969). For this reason, this Court holds that a federal official who is impleaded as a third-party defendant in a state civil suit is free to remove the case to federal court pursuant to 28 U.S.C. § 1442(a)(1), and such removal was proper in this case.

Since the Court has thus determined that it has jurisdiction of the present case, it remains to be decided whether the action should be dismissed as to the third-party defendants. The third-party complaint alleges that HUD virtually dominates and controls the financial condition of housing projects, such as Wheat Street Three, which carry HUD-insured mortgages. It is therefore alleged that the dilapidated condition of Wheat Street Three is due solely to the acts and omissions of the HUD officials, in

that: (1) HUD has failed to approve a transfer of physical assets and to restructure the finances of the project; and (2) HUD has granted no rent increases since July of 1976 despite being obligated by its own regulations to make automatic annual adjustments in rental levels. In addition, the defendant Housing Resources Management, Inc. alleges that it is managing the project only at the suggestion and virtual insistence of HUD as one of the requirements for the approval of the transfer of physical assets.

 The Court will first address the issue of whether the third-party plaintiffs can properly seek a recovery over from the HUD officials "individually" as well as in their official capacities. It is clear that in a suit for damages arising from allegedly unconstitutional actions, federal officials are entitled to only a qualified immunity. *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). The third-party complaint has not raised any constitutional claims, however. The Fifth Circuit has recognized that the doctrine of qualified immunity, as outlined in *Butz, supra,* is limited to actions for violations of constitutional rights, and therefore, in the area of ordinary tort claims, federal officials retain absolute immunity from liability as long as they act within the outer limits of their authority during the performance of their official duties. *Evans v. Wright,* 582 F.2d 20 (5th Cir. 1978). This Court concludes that the third-party defendants are entitled to such official immunity in this case. Affidavits submitted by the HUD officials indicate that they acted within the scope of their employment and in accordance with applicable laws and regulations at all relevant times. This evidence is uncontroverted. Accordingly, the Court concludes that the suit must be dismissed as to the third-party defendants, at least insofar as it attempts to hold them individually liable.

The question remains as to whether the suit should be dismissed as to the third-party defendants in their official capacities. The third-party complaint alleges that HUD failed to approve a transfer of physi-cal assets which was intended to attract needed capital and improved management services. It is clear that HUD approval was necessary before such a transfer could become effective. When HUD first became involved with the Wheat Street apartments by insuring the project's mortgage pursuant to 12 U.S.C. § 1715*l*(d)(3), defendant Borders, as president of Wheat Street Three, Inc., was required to sign a "Regulatory Agreement" outlining the manner in which the project would be operated during the term of the mortgage insurance. Paragraph 7(a) of the Regulatory Agreement provides that the owners will not convey, transfer or encumber any of the mortgaged property without HUD's prior approval. The uncontroverted evidence provided by the HUD Loan Specialist in the Atlanta Area Office shows that the application for transfer of physical assets that is in issue was processed in accordance with HUD procedures. (Affidavit of Robert Becker, ¶¶ 9–15.) The record also reveals that the proposed transfer was approved on July 20, 1979. *(Id.)* Therefore, this part of the third-party complaint is unfounded.

It has also been alleged that HUD has granted no rent increases since July of 1976, despite being obligated by its own regulations to do so. According to the HUD regulations found at 24 C.F.R. § 401 *et seq.*, there is no provision for automatic annual adjustments in rental levels. Instead, the project owners must submit a formal request to the Department with supporting data. The record shows that such a request was submitted regarding the Wheat Street apartments by letter dated June 10, 1977. The record also shows that HUD granted a rent increase of 7.8 per cent on July 11, 1977. Subsequently, no formal requests for rental increases were ever submitted to the Department. (Becker affidavit, ¶ 8.)

In addition, it is clear that HUD had the right to insist on professional, competent management for the project. (Regulatory Agreement, ¶ 10(a).) However, the list of possible management firms considered competent by HUD was not limited to Housing Resources Management, Inc. (Becker affidavit, ¶ 16.)

Once the moving party has properly supported his summary judgment motion, the nonmoving party must rebut with significant probative evidence. *Ferguson v. National Broadcasting Co.*, 584 F.2d 111 (5th Cir. 1978). The Court finds that the third-party defendants have properly supported their motion for summary judgment. The third-party plaintiffs have offered no evidence in rebuttal. Since there are no genuine issues of fact in dispute, the Federal Rules of Civil Procedure provide that summary judgment is proper. Rule 56, Fed.R.Civ.P. For the foregoing reasons, the motion for summary judgment filed by the third-party defendants Patricia Roberts Harris and William A. Hartman is hereby granted and sustained. Since this action was removed to federal court at the behest of the third-party defendants, it is further ordered that Civil Action No. C79–637A be, and hereby is, remanded to the Superior Court of Fulton County, for such further proceedings as that court deems advisable and proper.