**Lucky D. KLASSY, Plaintiff,**

v.

**Vernon A. WEAVER, Michael Cardenas, Administrator (Who succeeded Vernon A. Weaver as Administrator) Wiley S. Messick, William A. Murphy, David L. Coker, William Burke Grace, Helene Goldberg, Dorothy Doten, Martha Brown, Clarence B. Barnes, Fred Reed, Curtis J. Lemoine, Martha Thomas, John Does and Jane Does, Defendants.**

**Civ. A. Nos. C81–1815A, C81–1895A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

June 14, 1982.

Lucky D. Klassy, pro se.

Myles E. Eastwood, Asst. U.S. Atty., Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

Presently pending on submission before the Court are a number of motions. First, the defendants have moved to dismiss, or, in the alternative, for entry of summary judgment. Because both sides have submitted affidavits in support of their respective positions, the Court will treat this motion as one for summary judgment Rule 12(b), Federal Rules of Civil Procedure.

Secondly, the plaintiff has moved the Court for leave to amend her complaint to add a claim of sex discrimination and/or retaliation, to add additional defendants and to add a *Bivens*-type class allegation on behalf of 22 other employees of the Small Business Administration. Plaintiff has also moved for an order appointing a special process server to serve the defendants residing outside the State of Georgia.

Plaintiff was for a number of years an employee of the Small Business Administration. During the time frame of the late 1970's through the summer of 1981 she was first an administrative officer in the SBA District Office and then an employee of the SBA Inspector General. Both of these positions were located in Atlanta, Georgia. The defendants are two former heads of the SBA in Washington, D.C., an SBA attorney in Washington, D.C., the Atlanta District Director, and a number of SBA co-employees and supervisory personnel in Atlanta, Georgia.

In 1981 plaintiff retired from her civil service position at SBA, and in October 1981 she concurrently commenced these two lawsuits. Number C81–1815A was

filed in this Court, and Number C81–1895A was originally filed in Fulton County Superior Court but was timely removed to this Court, where both cases were consolidated by consent for all purposes.

Plaintiff alleges that the defendants entered into an agreement to force her out of the administrative officer's job, to discredit her, and to drive her out of the SBA. She contends that the defendant's activities deprived her of her constitutional rights and that she is entitled to compensatory and punitive damages under the theory laid out in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The affidavits of the parties establish that the contacts, actions, and failures to act all occurred in the course of the parties' employment relationship. Plaintiff contends that certain defendants above her ordered her to fire employees and otherwise interfered in how she supervised the employees. She contends upon her refusal to fire a certain employee, certain defendants made her work conditions such that she could not adequately perform her duties. She also contends that a Board of Survey, and the reviewing levels, that investigated a loss of SBA property tried to blame her for the loss, although the defendants have submitted evidence that plaintiff's counsel was advised on October 3, 1979, that plaintiff was exonerated. Plaintiff also alleges other irregularities in employment matters both in her pleadings and in her lengthy affidavits.

In the fall of 1981, plaintiff filed an administrative EEO claim, and she has provided the Court with verified copies of this matter by affidavit. Despite the untimeliness of this claim, SBA accepted it for investigation and the Court has jurisdiction over it under the 180-day provision in 42 U.S.C. § 2000e–16(c). Plaintiff's affidavit also establishes that she abandoned her age discrimination claim. The issues in her Title VII claim of sex discrimination and/or retaliation involve her annual leave in 1981 and an alleged threat in 1981 that she would be placed in a status of Absent Without Leave (AWOL).

The first question before the Court in resolving the pending motions is who is (or are) the proper defendant(s)? As to *Bivens* type claims, the Supreme Court in *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), held that there are two exceptions to allowing claims for constitutional torts. The first is when the defendants demonstrate "special factors counselling hesitation in the absence of affirmative action by Congress." The second is when the defendants show that Congress has provided "an alternative remedy which it explicitly declared to be a substitute for recovery directly under the Constitution and viewed as equally effective." *Id.* at 18–19, 100 S.Ct. at 1471–1472.

The Former Fifth Circuit Court of Appeals in *Bush v. Lucas*, 647 F.2d 573 (5th Cir.1981), found both factors present in a suit by a federal employee against his co-workers, supervisors and managers. The Court of Appeals held that "the unique relationship between the Federal Government and its civil service employees is a special consideration which counsels hesitation in inferring a *Bivens* remedy in the absence of affirmative congressional action. The role of the Government as an employer toward its employees is fundamentally different from its role as sovereign over private citizens. This distinction has been recognized in numerous Supreme Court cases." *Id.* at 647 F.2d 576. The Fifth Circuit then examined the statutory and administrative appeals and grievance processes available to federal employees and found that implying a *Bivens* claim would undermine the entire system, which system Congress has "so painstakingly established." *Id.* at 577. Thus, the Court in *Bush v. Lucas* held that there is no *Bivens*-type remedy against a federal employee's co-workers, supervisors and managers.

This Court has followed *Bush v. Lucas* in a variety of contexts and the Eleventh Circuit Court of Appeals has recently affirmed this Court in another case on the *Bush v. Lucas* rationale. See *Burks v. Veterans Administration*, 677 F.2d 116 (11th Cir.

1982) [affirming Freeman, J.]; *Gleason v. Malcom*, Civil Action No. C79–1040A (N.D.Ga. 8/17/82) [Forrester, J., dismissing Non-Appropriated Fund Employee's non-EEO *Bivens* claim]; *Jacobs v. Bell*, Civil Action No. C81–823A (N.D.Ga. 8/14/81) [Hall, J.], and *Lang v. Schweiker*, 26 FEP Cases 1413 (N.D.Ga.1981) [Vining, J.]. Thus, plaintiff has no *Bivens* -type claim for constitutional torts against the individual defendants.

■ The defendants also argue that they have absolute immunity from any common law torts. Because the affidavits of both sides establish that their contact with plaintiff was within the outer perimeter of their federal employment, the Court agrees. *Evans v. Wright*, 582 F.2d 20, 22 (5th Cir. 1978); *Davenport v. Borders*, 480 F.Supp. 903, 905 (N.D.Ga.1979); *Bagwell v. Brannum*, 533 F.Supp. 362 (N.D.Ga.1982).

Accordingly, plaintiff's damage claims must be dismissed and the defendants should all be dismissed in their individual capacities. Hence, summary judgment is hereby GRANTED as to each of the individual defendants and against plaintiff on her damage claim.[1] Also, plaintiff's motions to add certain defendants, to appoint a process server for these additional defendants, and they would be subject to immediate dismissal. Thus, leave to amend as to them is also denied on the basis of futility.

This leaves the Title VII claim with the 13 defendants remaining in their official capacities. Because there is no disagreement that plaintiff did file an administrative EEO claim alleging sex discrimination and/or retaliation on the 1981 annual leave issue and the 1981 alleged AWOL threat, and because more than 180 days have passed since SBA accepted her formal administrative complaint, leave to amend is hereby GRANTED only as to the Title VII claim set out in the proposed Count II in the proposed Amended Complaint. 42 U.S.C. § 2000e–16(c); Rule 15(a), Federal

Rules of Civil Procedure. However, the amended complaint will have to conform to the requirements set out below on the proper defendant and the proper relief.

■ There still remains the issue of who is the proper defendant under a Title VII lawsuit. This Court has followed the statutory language in 42 U.S.C. § 2000e–16(c) that only the head of the agency may be sued under Title VII, and then in his official capacity only. *Morton v. Harris*, 86 F.R.D. 437 (N.D.Ga.1980), *aff'd*, 628 F.2d 438 (5th Cir.1980), *cert. denied, sub nom. Morton v. Schweiker*, 450 U.S. 1044, 101 S.Ct. 1766, 68 L.Ed.2d 243 (1981). Because only defendants Vernon Weaver and Michael Cardenas, among the named defendants, have been Administrator of the Small Business Administration, as shown by plaintiff's pleadings, the other 11 defendants would not be proper Title VII defendants in any event. Accordingly, they are hereby dismissed in their official capacities. *Id.* at 86 F.R.D. 438–439. This leaves only the Administrator of the Small Business Administration. The Court can properly take judicial notice, and hereby does so, that defendant Weaver was succeeded by defendant Cardenas, as alleged by plaintiff, and further that defendant Cardenas was succeeded as Administrator during the pendency of this lawsuit by James C. Sanders. Because Rule 25(d), Federal Rules of Civil Procedure, provides that Mr. Cardenas' "successor is *automatically* substituted as a party," *Lucas v. Gardner*, 453 F.2d 1255, 1256, fn. 1 (4th Cir.1972); 7A C. Wright & A. Miller, *Federal Practice & Procedure: Civil* § 1960, Mr. Sanders, as the current Administrator, is hereby SUBSTITUTED for defendants Weaver and Cardenas as the sole remaining defendant, in his official capacity only. *Morton v. Harris, supra* at 86 F.R.D. 439.

■ Finally, the Court notes that Title VII claims involve only recovery of back pay, correction of conditions of employ-

---

**1.** The Court finds that this disposition of the individual liability issues obviates the need to rule on the issues of qualified immunity, venue,

and *in personam* jurisdiction over non-Georgia defendants at this time.

ment, and the like, together with attorney's fees. Because a federal employee's EEO remedies lie solely under Title VII, *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), plaintiff has no grounds for compensatory or punitive damages in her Title VII claim. *Miller v. Texas State Board of Barber Examiners*, 615 F.2d 650, 654 (5th Cir.1980), *cert. denied*, 449 U.S. 891, 101 S.Ct. 249, 66 L.Ed.2d 117 (1980); *Howard v. Lockheed-Georgia Co.*, 372 F.Supp. 854 (N.D.Ga.1974); *Walls v. Life & Casualty Ins. Co.*, 27 FEP Cases 1528 (N.D.Ga.1981). The original complaint, which has been dismissed, took with it plaintiff's prayers for compensatory and punitive damages. Thus, leave to amend by adding the new Title VII claim is GRANTED as to the issue of relief ONLY to the extent of allowing appropriate claims for back pay, correction of conditions of employment and other equitable relief, plus attorney's fees. Leave to amend to add any Title VII claim for compensatory and punitive damages is DENIED. Leave to amend to state a Title VII claim against anyone other than the current Administrator, in his official capacity, is DENIED. Leave to amend to state any jurisdictional basis other than 42 U.S.C. § 2000e–16(c) is DENIED. *Brown v. GSA, supra.* Leave to amend to include a jury demand under the Title VII claim is DENIED. *Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122, 1125 (5th Cir.1969).

In summary, the Court GRANTS the current defendants' motion for summary judgment in their individual and official capacities, and DISMISSES all of them and SUBSTITUTES James C. Sanders as the sole remaining defendant, in his official capacity only. The plaintiff's motion to add individual defendants is DENIED. The plaintiff's motion for leave to amend by adding a *Bivens* class claim is DENIED. The plaintiff's motion to appoint a special process server is DENIED. The plaintiff's motion for leave to amend is GRANTED only as to her 1981 Title VII claims that she presented administratively on the annual leave and AWOL threat issues, with 42 U.S.C. § 2000e–16(c) as the sole jurisdictional basis, without a jury demand, without a claim for compensatory or punitive damages, and with a claim for such equitable relief as may be allowable under Title VII. Plaintiff is DIRECTED TO RECAST her proposed Count II as her Amended Complaint to conform to this Order and to file the same within ten (10) days of the entry of this Order. The remaining defendant shall have ten (10) days from receipt of the filed Amended Complaint to serve appropriate responsive pleadings or motions.

As to the defendants Vernon Weaver, Michael Cardenas, Wiley S. Messick, William A. Murphy, David L. Coker, William Burke Grace, Helene Goldberg, Dorothy Doten, Martha Brown, Clarence B. Barnes, Fred Reed, Curtis J. Lemoine, and Martha Thomas, there appears no just reason for delay, and pursuant to Rule 54(b), Federal Rules of Civil Procedure, the Clerk is hereby DIRECTED to enter final judgment in their favor and against plaintiff, with their costs cast against plaintiff. The Clerk is further DIRECTED to change the caption of this case on the Docket to now read Lucky D. Klassy versus James C. Sanders, Administrator of Small Business, in his official capacity.