OKLAHOMA BANKERS
ASSOCIATION,
Plaintiff,

v.

HOME SAVINGS AND LOAN ASSOCIATION, a/k/a Home Savings and Loan Association, F.A., a/k/a Home Savings Bank, F.A., Defendant,

v.

Edwin J. GRAY, James Jay Jackson, and Donald I. Hovde, in their official capacities as members of the Federal Home Loan Bank Board of the United States of America, Third Party Defendants.

No. Civ–83–1729–W.

United States District Court,
W.D. Oklahoma.

June 27, 1984.

Laura N. Pringle, Vice President and General Counsel, Oklahoma Bankers Ass'n, Don G. Holladay, Ann M. Threlkeld, Andrews, Davis, Legg, Bixler, Milsten & Murrah, Oklahoma City, Okl., for plaintiff.

Harvey Simon, Associate Gen. Counsel, Denise Z. Field, Trial Atty., Federal Home Loan Bank Bd., Litigation Div., Washington, D.C., John E. Gunther, Deputy Director, Litigation Div., John Kinslow, Wade, Kinslow & Mackey, Lawton, Okl., for defendant.

## ORDER

LEE R. WEST, District Judge.

The defendant, Home Savings Bank, F.A. (Home Savings), has moved the Court pursuant to Rule 56, Fed.R.Civ.P., to grant summary judgment in its favor and against the plaintiff, Oklahoma Bankers Association, and to declare (1) that federal law and regulations constitute the exclusive law governing the chartering, designating, and advertising practices of federal savings banks in Oklahoma and that such federal law and regulations preempt the application of Oklahoma law to federal savings banks in these three areas and (2) that the charter granted this defendant was validly

issued and that said defendant may operate under the name "Home Savings Bank, F.A.," and use the words "bank", "banker", "investment banker", and "banking", and any other derivative of the word "bank" in its dealings with the public.

Third party defendants Edwin J. Gray, James Jay Jackson, and Donald I. Hovde, who have assumed the same position on the issues as the defendant Home Savings, have likewise moved the Court pursuant to Rule 56, *supra*, for summary judgment and seek a declaration that federal law and regulations preempt the application of state law to federal savings banks with regard to chartering, designating, and advertising practices. The plaintiff has opposed the motions and has moved the Court to remand this action to state court.

The Court has reviewed the submissions of the parties, the record herein, and in particular, the two statements advanced by the third party defendants in their Statement of Material Facts as to Which No Genuine Issue Exists which the plaintiff claims render summary judgment inappropriate and the Court finds that the plaintiff has asserted no more than differing legal conclusions as to the facts and has failed to demonstrate the existence of a genuine issue as to a material fact which would preclude consideration of the motions pending before the Court. Accordingly, the Court makes the following determination with regard to the issues raised therein and in that connection finds the following facts to be undisputed.

1. The plaintiff, a corporation organized under the laws of Oklahoma brought this action in the District Court of Comanche County, Oklahoma, and alleged in its state court petition that the operation of Home Savings as a federally-chartered savings bank violated state law because Oklahoma law does not authorize conversion of a state chartered institution to a federally-chartered institution and because title 6, section 1404 of the Oklahoma Statutes specifically prohibits usage of the term "bank" or any derivative thereof by a business other than a banking business conducted pursuant to state law.

2. Defendant Home Savings counterclaimed against the plaintiff and brought a third party action against Messrs. Gray, Jackson and Hovde. The defendant and the third party defendants joined to remove the primary and the third party action to this Court.

3. The third party defendants are being sued in their official capacities as members of the Federal Home Loan Bank Board (Bank Board). The Bank Board is an independent regulatory agency of the United States and pursuant to the statutory powers conferred on it by Section 5(a) of the Home Owners' Loan Act of 1933 (HOLA), as amended, Section 311 of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. § 1464(a), the Bank Board is responsible for the organization, examination, supervision, operation, and regulations of federal savings and loan associations and federal savings banks.

4. Home Savings was formerly Home Savings and Loan Association of Lawton, Oklahoma, a state chartered savings and loan association. Upon application to the Bank Board, it was converted to a federally-chartered savings and loan association, Home Savings and Loan Association, F.A., on June 2, 1983. 12 U.S.C. § 1464(i)(1).

5. Home Savings and Loan Association, F.A., applied for and was issued a charter as a federal savings bank, Home Savings Bank, F.A., by the Bank Board on June 7, 1983. 12 U.S.C. § 1464(i)(2).

This lawsuit focuses on the validity of the conversion of the defendant to a federally-chartered savings bank and whether as such it is subject to federal, rather than state, law and regulation.

■ The plaintiff has argued that the federal statutes upon which the defendant and third party defendants have relied specifically refer to state law and prohibit a federal savings bank from operating in a state which does not recognize or permit this conversion process. The Court finds that the plaintiff appears to have mistaken-

ly cited that portion of the statutory scheme which relates only to those situations where a federal association desires to convert to a state association. 12 U.S.C. § 1464(i)(3)(A) ("Any Federal association may convert itself into a savings and loan or savings bank type of institution organized pursuant to the laws of the State....").

■ In the instant situation, the defendant was a state savings and loan association which desired to convert itself first to a federal savings and loan association and then, as a federal savings and loan association, to convert itself to a federal savings bank. Each step in this conversion process is recognized and authorized by federal statute without reference to or incorporation of state law.

Section 1464(i)(1) provides that

"[a]ny institution which is, or is eligible to become, a member of a Federal home loan bank may convert itself into a Federal savings and loan association or Federal savings bank ..."

and the only limitation placed on the conversion of a state institution to a federal association is that the conversion "be subject to such rules and regulations as the [Bank] Board shall prescribe...." *Id.* Furthermore, it is noted that the plaintiff has not challenged or controverted the defendants' unsupported statements that the conversion from a state savings and loan association to a federal savings and loan association was officially approved by the Oklahoma Savings and Loan Board by Order dated June 30, 1983; that the Order set forth the state Board's determination that the defendant had complied with all requirements of state law pertaining to conversion and that the certificate of authority of the state savings and loan association should be revoked; and that on July 14, 1983, the Oklahoma Secretary of State issued a certificate dissolving the Home Savings and Loan Association of Lawton, Oklahoma, by Order of R.Y. Empie, State Bank Commissioner and Chairman of the Oklahoma Savings and Loan Board.

Section 1464(i)(2) provides further that subject to these same rules and regulations prescribed by the Bank Board,

"any Federal association may change its designation from a Federal savings and loan association to a Federal savings bank, or the reverse."

Thus, the subsequent conversion of the defendant from a federal savings and loan association to a federal savings bank was also permitted by federal law.

The Bank Board is authorized by section 1464(a)

"to provide for the organization, incorporation, examination, operation, and regulation of associations to be known as Federal savings and loan associations, or Federal savings banks, and to issue charters therefor...."

The issuance of the charters by the Bank Board to the defendant first as a federal savings and loan association and then as a federal savings bank was entirely consistent with the Bank Board's authority and thus, the Court finds that the instant charters were validly issued.

■ Section 1464(a) also authorizes the Bank Board to prescribe rules and regulations enabling it to carry out the duties imposed by section 1464(a) and one such regulation promulgated by the Bank Board is 12 C.F.R. § 563.27 (1983), which regulates the advertising practices of these federally-chartered institutions. Section 563.-27 requires that no institution "shall use advertising or make any representation which is inaccurate in any particular or which in any way misrepresents its services, contracts, investments, or financial condition."

As this Court determined in granting summary judgment in favor of the Bank Board in *Federal Home Loan Bank Board v. Empie*, CIV–83–500–W (W.D.Okla. June 25, 1983), "Congress intended the HOLA to preempt all state regulations over federally-chartered savings and loan institutions and therefore, any state law which falls within this area of exclusive occupation by the HOLA must give way by virtue of the supremacy clause of the United States Con-

stitution." Slip op. at 6. The Court found because advertising by federal savings and loan associations was regulated by section 563.27, section 1401 upon which the instant plaintiff has also relied and which prohibits the use of certain terms by businesses other than banking businesses conducted pursuant to state law was preempted. *Id.*

The Court finds that the reasoning set forth in *Empie* applies with equal force to federally-chartered savings banks since advertising by federal savings banks is also regulated by section 563.27 and thus the Court finds that section 1401 does not control the advertising practices of federal savings banks.

The Court finds further that since federal law allows the use of the terms "bank", "banker", "investment banker", and "banking" by federally chartered institutions, the instant defendant may operate under the name "Home Savings Bank, F.A.," and use these terms or any appropriately descriptive derivative of the word "bank" in its dealings with the public which accurately reflects the services offered by the defendant. *See Empie,* slip op. at 7.

The plaintiff has also challenged this Court's subject matter jurisdiction in an attempt to persuade the Court to remand this action to the District Court of Comanche County, Oklahoma.

The Petition for Removal filed by the third party defendants sought to invoke this Court's jurisdiction under 28 U.S.C. § 1442(a)(1) which permits removal of civil actions by federal officers who face litigation in state courts as a result of actions taken in the course of their official duties, and under 28 U.S.C. § 1441(b) which permits removal of any civil action of which the district courts have original jurisdiction founded on a claim arising under the Constitution or laws of the United States. The Joinder in Petition for Removal filed by the defendant also alleged section 1441(b) as the basis for subject matter jurisdiction.

Removals premised on section 1441(b) are governed by the "well-pleaded complaint" rule which requires that the federal question be determinable from the plain-

tiff's statement of its claim unaided by the answer or the petition for removal since a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law. *E.g., Gully v. First National Bank,* 299 U.S. 109, 113, 57 S.Ct. 96, 98, 81 L.Ed. 70 (1936).

The plaintiff has alleged in its state court petition that the conversion process in which the defendant engaged was contrary to Oklahoma law and that the use of the term "bank" or a derivative thereof by the defendant is contrary to title 6, section 1401 of the Oklahoma Statutes. It is the defendant in its answer to the state court petition which raised the defense of preemption of state law by federal law.

 As the United States Supreme Court stated in *Gully,* "a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby." *Id.* at 116, 57 S.Ct. at 99 (citations omitted); *e.g., Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 12, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983). Federal preemption may offer a valid defense to a state law claim but preemption does not convert a state law claim to which preemption is a defense into a claim arising under federal law. Accordingly, the Court finds that although a question of federal law would very likely arise in the course of this litigation, the allegations in the plaintiff's state court petition do not demonstrate that a right or immunity created by the Constitution or the laws of the United States is an element, much less an essential element of the plaintiff's cause of action, 299 U.S. at 112, 57 S.Ct. at 97, and thus removal by defendant or the third party defendants under section 1441(b) is improper.

 The plaintiff has also argued that the defendant by filing a counterclaim in the state court action submitted itself to the jurisdiction of the state court and waived its right of removal. As a rule, where the defendant's response to the

plaintiff's claim goes beyond that of a denial and seeks affirmative aid on its behalf, the defendant is found to have voluntarily invoked the jurisdiction of the state court and to have waived its right of removal. The Court finds however under the instant circumstances that the fact that removal under section 1441(b) is improper or the fact that the defendant by counterclaiming against the plaintiff in a state court might arguably have waived any right of removal is not fatal to the third party defendants' attempt to remove this action to this Court, and resolving these issues in favor of the plaintiff does not require the Court to remand this case to state court.

 The plaintiff has contended that the third party defendants' removal is improper since no federal claim appears on the face of the state court petition and since the third party defendants were impleaded solely as a means of manufacturing federal jurisdiction. The Court has reviewed the plaintiff's arguments in support of these contentions and finds that impleading these third party defendants was not improper and was not for the sole purpose of creating a basis for the exercise of this Court's jurisdiction.

The Court finds further that the well-pleaded complaint rule is not applicable to removals under section 1442(a)(1) and thus the presence or absence of a federal claim on the face of the state court petition is irrelevant.

As stated previously, section 1442(a)(1) permits removal of civil actions by federal officers who face litigation in state courts as a result of actions taken in the course of their official duties, and the fact that a federal officer is the third party defendant rather than the defendant in the primary action is no bar to his right of removal under this section of not only the third party action but also the primary action. *E.g., IMFC Professional Services v. Latin American Home Health, Inc.,* 676 F.2d 152, 156 (5th Cir.1982); *Davenport v. Borders,* 480 F.Supp. 903 (N.D.Ga.1979); 14 C. Wright, A. Miller & Cooper, *Federal Practice and Procedure* § 3727 & n. 36, at

691–92 (1976) (right of removal under section 1442(a)(1) is absolute and may be exercised even though action might not have been brought initially in federal court or official is sued as a third party defendant).

The third party defendants, Messrs. Gray, Jackson, and Hovde, were sued for actions taken in the course of their official duties as members of the Bank Board and accordingly the Court finds that removal of the plaintiff's claim, the defendant's counterclaim, and the third party action by the third party defendants was proper under section 1442(a)(1) and that this Court has subject matter jurisdiction to resolve the issues raised by these parties.

Based upon the foregoing, the Court finds that the plaintiff's Motion to Remand is DENIED and the Motions for Summary Judgment of the defendant and the third party defendants are GRANTED.